BAKEMAN vs. POOLER.

To prove a *plea of tender*, it must appear that there was a *production* and *manual offer* of the *money*, unless the same be dispensed with by some positive act or declaration on the part of the creditor ; it is not enough that the party has the money in his *pocket*, and says to the creditor that he has it ready for him, and asks him to take it, without showing the money.

ERROR from the Oswego common pleas. Bakeman sued Pooler in a justice's court, and declared, among other things, on a promissory note made by the defendant for six dollars, dated 13th June, 1833, payable 30 days after date. To the count on the note, the defendant pleaded a *tender*, and brought the money into court. The suit before the justice was commenced by the plaintiff in person, on the 24th July, 1833, at 50 minutes *past six* o'clock, P. M. The evidence to support the plea of tender was as follows : A witness testified that on the same 24th July, at *five* o'clock P. M., he, at the request of the defendant, *tendered* to the plaintiff six dollars and six cents in specie, in payment of the note declared on ; he told the plaintiff he had the money ready for him, and asked him if he would take it. The witness said " plaintiff *evaded* taking the money, and said he did not know but there was some

ALBANY,
Oct. 1836.

Bakeman
v.
Pooler.

costs on it," and went off. He followed him, walked with him several rods, and asked him to take the money. " He again evaded," as the witness said, but the witness did not state in what the evasion consisted. Witness testified that he had the money in specie, that he *did not show it* to the plaintiff, but told him it was then ready for him, if he would take it ; and further, that if he did not think proper to take it then, he could have it at any time he would call at the office of witness, and it would be ready for him. The identical money thus tendered was paid into court on putting in the plea. The cause was tried by a jury, who found *no cause of action,* upon which the justice rendered a judgment for costs against the plaintiff. The common pleas of Oswego *affirmed* the justice's judgment, and the plaintiff sued out a writ of error.

*E. W. Leavenworth,* for the plaintiff in error.

*E. Hibbard,* for the defendant in error.

*By the Court,* COWEN, J. The proof of the tender was defective. The witness had the money in his pocket, and asked the plaintiff if he would take it, telling him the money was ready for him ; but it remained in the pocket of the witness. This was not enough, unless the plaintiff dispensed with its production by some positive act or declaration. *Thomas v. Evans,* 10 *East,* 101. 3 *Black. Comm.* 304, *note* 33. *Douglas v. Patrick,* 3 *T. R.* 683. The money was not produced ; the witness told the plaintiff he then had it ready for him ; but where it was—whether in his pocket, or at some other place near by—he did not inform the plaintiff. The plaintiff was not bound to say whether he would take the money or not, till it was produced. We have no *evasion,* except in the language of the witness. The plea is, in form, a tender and refusal. The tender is a production and manual offer of the money, and regularly it should be counted down. *Dickinson v. Shee,* 4 *Esp. N. P. R.* 68. *Brady v. Jones,* 2 *Dowl. & Ryl.* 305. A bag for the money will do, but certainly not a pocket, or place about the person concealed from the party.

The witness had every chance to make a tender. He converses with the party, and walks with him discoursing of the debt, and assuring him that the money is ready ; and finally, without presenting it, leaves him to call for it at the witness' office, where, for aught the party knew, it had been all the time.

In short, this is any thing but a legal tender and refusal. *Brady* v. *Jones*, 2 *Dowl. & Ryl.* 305. The party can hardly be said to have intimated that he would not receive the money. True, he said he did not know but some costs had been made on the note. It appears from the return that the suit was brought on the plaintiff's order about one hour after the assumed tender. The justice does not certify whether the note had been left with him before. If the note had already been left for prosecution, as was probably the case, it was very reasonable to hesitate and enquire ; and the party was entitled to a proper time to enquire, without being subjected to the penalty of a refusal. Even had the money been produced, and he in good faith had replied, "before I take the money, I must first satisfy myself whether a suit has been commenced ; I don't wish to hazard being put to costs by receiving payment," the witness would have been bound to wait his enquiry ; that could not be a refusal. Suppose the plaintiff had started on his way to the justice, in order to satisfy himself of the fact, the witness would have done better to have gone with him, or awaited his return. But whether that be so or not, here is any thing but a tender and refusal.

Judgment reversed.