STRONG *vs.* BLAKE and others.

In order to constitute a valid tender, it must be proved that there was a production of the money, and an actual offer of it to the creditor; unless it be shown that the latter dispensed with it by some positive act or declaration.

It is not enough that the debtor had the money in his pocket, and informed his creditor that he was ready to pay, without offering to do so; nor that he retained it, in an envelope which was shown to, or shaken at, the creditor.

There must be an actual offer or presentation of the money, so that the creditor can take it.

Where a creditor, on being informed by a person that he had come to make a tender, referred him to his attorney, saying his office was open and it was but a step, without, however, refusing to receive the money, or interposing any objection, or intimating in any way that the presentation of the money was not required; *Held* that this did not amount to a waiver of the production and offer of the money.

Where the proof as to the actual tender of money is contradictory, and the court finds adversely to the defendant, if there is *same* evidence to sustain that finding, it must be considered as final and conclusive.

THIS is an appeal from a judgment for the foreclosure and sale of mortgaged premises situated in the city of Albany. The defense was, that after the commencement of the action, the amount due was tendered to the plaintiff and refused. A witness, on behalf of the defendant, testified that he called upon the plaintiff and informed him that he had come to make a tender; that he had brought the money with him, which he now tendered him; that he took the money out of an envelope and presented it to the plaintiff, who referred him to his attorney, and refused to receive it; that when he was about to leave, the plaintiff said, "you have not yet made a tender," and the witness said, "in order to save all mistake, I will then tender it to you again;" and then took from his pocket the envelope, containing the money, and handed it towards the plaintiff, stating the amount, $460; and that the plaintiff replied that he must call and pay it to his attorney. The plaintiff swears that the witness had in his hand an envelope, and shaking it towards him, said, "there is the amount of principal, interest and costs," naming some amount, and said, "I tender you the amount,"

still shaking the envelope at him. Upon being told, when leaving, that he had made no tender, and that the plaintiff had seen no legal tender, he again took out the envelope and said, "I tender it again and will count it if necessary;" and shook it at him again. The plaintiff then said Mr. Stedman's (his attorney,) office door was open, and was but a step. The plaintiff saw no money, and swears that the witness did nothing more than shake the envelope at him, and made no manual production or offer of any money.

The cause was tried at the Albany circuit, in February, 1864, before Justice PECKHAM. Judgment was rendered for the plaintiff, and the defendant appealed. It was submitted upon written points.

*Quackenbos & Greenfield,* for the appellant.

*G. L. Stedman,* for the respondent.

*By the Court,* MILLER, J. In order to constitute a valid tender, it must be proved that there was a production of the money and an actual offer of it to the creditor; unless it be shown that the latter dispensed with it by some positive act or declaration. It is not enough that he had the money in his pocket and informed his creditor that he was ready to pay, without offering to do so; nor that he retained it in an envelope. There must be an actual offer and presentation of the money, so that the creditor can take the money. (*Bakeman* v. *Pooler,* 15 *Wend.* 637. *Dunham* v. *Jackson,* 6 *id.* 22; *note a,* 35. *Circ. T.* 2d ed. 794. 1 *Wait's L. and P.* and authorities cited, 1046, 1047.)

The proof introduced upon the trial, as to the actual tender of the money, was contradictory; the defendant's witness swearing that the money was offered, and the plaintiff testifying quite positively that it was not produced or offered. Upon this conflicting evidence, the court has found adversely to the defendant, and as there is some evidence to sustain that finding, it must be considered as final and conclusive.

Strong *v.* Blake.

It remains to be considered whether the production of the money was dispensed with, by any act or declaration of the plaintiff. Here again is a disputed question of fact; the defendant's witness swearing that the plaintiff refused to receive the money and directed the witness to call and pay it to his attorney, and the plaintiff testifying that he merely said that the attorney's office was open, and it was but a step. If we take the plaintiff's version, I do not think that the request which he made was a waiver of the production and offer of the money. He did not refuse to receive it, interpose any objection, or intimate in any way, that the presentation of the money was not required. He had but a short time previously told the defendant that he had not tendered the money, and the request made to call upon the attorney was not inconsistent with what he had demanded by this statement. The plaintiff imposed no conditions; exacted no terms; and it is quite clear, did not dispense with any of the requirements essential to constitute a legal and valid tender.

We have been referred to some authorities which would appear to hold that the production of the money was not required, if within the power or immediate control of the party; but the cases in this state and in England are all the other way.

Whether an actual tender was made was, as already stated, substantially a question of fact upon the trial, which being controverted and sustained by sufficient evidence, is finally disposed of by the decision of the court. As there was no error committed, the judgment must be affirmed.

[ALBANY GENERAL TERM, December 4, 1865. *Hogeboom, Peckham* and *Miller,* Justices.]