JOSEPH SMART *v.* EGBERT BEMENT and wife, WILLIAM B. BEMENT and wife, ISAAC HYDE and VALENTINE EVERETT and others.

The purchaser, in good faith and for value of a mortgage, should not have his rights prejudiced or postponed by a controversy between purchasers of the mortgaged premises, concerning the order in which different portions of the premises covered by the mortgage shall be sold under foreclosure.   He is entitled to judgment for foreclosure and sale, without reference to the conflicting claims of owners of the estate.

The *facts* in this case constitute *the case*, and must be found in the statement and opinions given for any intelligent understanding of the principle involved.

THE action was brought to foreclose a mortgage executed by Egbert Bement and wife to William B. Bement on the 20th of October, 1854, upon a farm or tract of land in Tioga county, which mortgage and the bond accompanying the same were assigned to the plaintiff on the 27th of October, 1854.

The bond and mortgage were to secure the sum of $3,500, payable on the 20th of October, 1856, with interest semi-annually.   The complaint alleged the execution of the bond and mortgage, the assignment to the plaintiff, the default in payment of principal with the interest from the 27th of October, 1858, and the amount due thereon; that the plaintiff is informed and believes that defendant Egbert Bement claims that, although the bond and mortgage was given by him to William B. Bement upon the whole of the premises described therein, the same was given for the purchase-money for the undivided half of the mortgaged premises, which undivided half was simultaneous with the execution of the mortgage conveyed by W. B. Bement to said Egbert Bement; the said Egbert previously owned the other undivided half, and that subsequent to the assignment of the bond and mortgage by W. B. Bement to the plaintiff; the said conveyance of the undivided half by W. B. Bement, to Egbert Bement, was set aside and rendered of no value to the said Egbert, but without any interference with the said

bond and mortgage; and plaintiff is informed and believes true, that in consequence thereof Egbert Bement claims that the share or half of said premises belonging to said William B. Bement, and for the purchase-money of which he claims said bond and mortgage, having fallen to him as a consideration therefor, should be in equity and fairness first applied to pay said mortgage debt before selling the half of said premises owned by him before the giving of the bond and mortgage, and that unless the same is ordered by the court, great injustice will be done to him; that the plaintiff has been informed and believes that said Egbert Bement claims that said conveyance having been set aside as aforesaid, without any interference with said mortgage, Egbert Bement and William B. Bement became owners and seized in fee each of the undivided half of the premises so as aforesaid covered by the mortgage ; and that he is informed and believes that the defendants Isaac Hyde and Valentine Everitt, and that the Bank of Binghamton have, or claim to have, some interest in or lien upon the said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of said mortgage. The complaint then asks the usual judgment of foreclosure and sale of the mortgaged premises, and for judgment against the mortgagor for any deficiency.

The defendant, Egbert Bement, interposed an answer to the complaint. He admitted the execution of the bond and mortgage and that the plaintiff was the owner thereof, and that there was due thereon the amount claimed. The answer then alleged that before the making of the mortgage the defendant was the owner of an undivided half of the mortgaged premises; that he was applied to by William B. Bement to purchase the other undivided half, and having so agreed to do, he did purchase the same from William B. Bement, who was then the lawful owner of the same, and gave and executed the mortgage mentioned in the complaint with the bond accompanying the same for the purchase money of said one-half the premises, and for no other consideration; and he avers upon information and belief that William B. Bement then sold the same to the plaintiff, and

applied the avails thereof to the payment of his debts then due and owing. That subsequently on proceedings on behalf of the defendants, Hyde and Everett, as creditors of said William B., the title to said half of the premises so as aforesaid purchased from him, failed to the defendant Egbert, and became to him of no value, in law or equity, but was declared to belong to said William B. without interfering in any manner with the lien or validity of the mortgage in the complaint mentioned; that in consequence thereof defendant claims that the half of the said premises set apart and owned by said William, for the purchase of which the mortgage was given, the title having failed to the defendant, is, in law and equity, and fair dealing, first chargeable with the amount due on said mortgage, and should be first sold to satisfy the same, and that the same to the extent of the amount of the mortgage having been paid over, as equitably might be, by the said William B. Bement, to pay valid debts, his other creditors, nor said Hyde and Everett, cannot, in equity allege, but that said half of Wm. B. to that extent should first satisfy said mortgage; that the defendant acted in the whole matter in good faith, and equitably, and never intended to injure any person connected therewith, and now claims only what is fair and equitable, both in behalf of plaintiff and said William B. Bement, and any creditor of his; judgment is then prayed for that the part or half the premises set apart to William B. Bement, be first sold upon the judgment to satisfy the mortgage interest and costs, and that the other half of the premises be not sold unless there should be a deficiency after selling such half as aforesaid.

The defendants Hyde and Everett also appeared and answered. The answer admitted the execution of the bond and mortgage referred to in the complaint, but alleged, on information and belief, that the mortgaged premises described therein are in some respects inaccurately described in the complaint, and they ask leave to refer to the bond and mortgage, or the record thereof, for an accurate description. The answer then sets forth the recovery by the defendants on the 2d November, 1854, of two judgments against William B.

Bement and others; the issue of executions thereon to the sheriff of Tioga county; the commencement of a suit on 25th November, 1854, against William B. Bement and Egbert Bement and wife, to set aside conveyances of William B. to Egbert (which conveyances were of the lands embraced in the mortgage in suit) as fraudulent and void as against the creditors of William B. Bement; that issue was joined in the action as between Hyde and Everett and Egbert Bement and wife, and after a trial of such issues, it was, in February, 1859, ordered and adjudged that the deed of conveyance (dated October 20, 1854) was executed with intent to hinder, delay and defraud the creditors of William B. Bement, and was fraudulent in fact, and was void as against the defendants, and was declared null and void and set aside; and the sheriff of Tioga county, to whom said execution had been issued, was thereby authorized and empowered to sell, under and by virtue of said executions, the said real estate so as aforesaid attempted to be conveyed to Egbert Bement, in and by said deed of 20th October, 1854; that an appeal was taken to the General Term, when in May, 1858, the judgment was affirmed so far as it related to the provisions therein contained relating to the said deed of 20th October, 1854; that on the 10th March, 1859, the sheriff did proceed to sell under one of the defendants' executions, the real estate embraced in and covered by the deed of 20th October, 1854, and on such sale the defendants became the purchasers thereof, and received the sheriff's certificates of sale, which were duly filed and recorded in the clerk's office of the county of Tioga, on 7th May, 1859; that the premises have not been redeemed from said sale, and the defendants are still the owners of the certificates, and of the rights acquired by them under such sale.

The answer then avers, on information and belief of the defendants Hyde and Everett, that the only consideration for the bond and mortgage in the complaint mentioned, was the conveyance referred to of the 20th October, 1854, and which conveyance was in fact, and which was adjudged to be, fraudulent and void as against the creditors of William B. Bement,

and that the said bond and mortgage were executed, as a part of the arrangement, and with intent to assist William B. Bement to hinder, delay and defraud his creditors; that the defendants deny any knowledge sufficient to form a belief, whether Egbert Bement has failed to comply with the conditions of the said bond and mortgage, by omitting to pay the said sum of $3,500 and interest thereon, or any part thereof, or whether the plaintiff is the owner and holder of the bond and mortgage, or whether the defendant Egbert Bement claims that the share or half of said premises, for the purchase of which said bond and mortgage were given, having failed to him, as a consideration therefor, should be in equity and fairness first applied to pay said mortgage debt, before selling the portion of said premises claimed to have been owned by said Egbert before the giving of said bond and mortgage, or whether said Egbert claims that unless the same is done great injustice will be done to him, or whether said Egbert claims that said conveyance having been set aside, said Egbert and William B. became again owners, and seized in fee each of the equal undivided half of said premises, covered by said mortgage.

The defendants then claim and insist that if the said bond and mortgage are valid and binding securities, in the hands of the plaintiff, then that they are entitled to require and demand that the said bond and mortgage shall be first enforced as against the share or portion of said premises covered thereby which belong to the said Egbert Bement, before the same can in any manner be enforced as against the premises mentioned in the deed of the 20th of October, 1854.

The cause came on for trial at a Special Term of the Supreme Court, in the county of Tioga, held by Mr. Justice CAMPBELL, in March, 1860.

The plaintiff introduced, proved and read in evidence the bond and mortgage set forth in the complaint, and also the assignment of said bond and mortgage by William B. Bement to the plaintiff, by which bond and mortgage there appeared to be due the sum of $3,500, with interest thereon from 27th October, 1858, whereupon the plaintiff rested his case.

Thereupon the defendants Hyde and Everett (under objection and exception of the plaintiff, on the ground among others that he was not a party thereto), introduced and read in evidence a judgment roll in an action in the Supreme Court commenced in November, 1854, in which Hyde and Everett were plaintiffs, and William B. Bement, Egbert Bement and wife were defendants; which action purported to have been brought by plaintiffs as judgment creditors of William B. Bement and others, to set aside as fraudulent in fact, two several conveyances of the real and personal property of William B. Bement made by him to his son Egbert Bement; one of the conveyances being made on the 1st of March, 1854, and the other on the 20th of October, 1854, the first of an undivided half part of his farm (being the premises covered by the mortgage in suit) and his personal property; and the second in October, 1854, of the other undivided half part of said premises. The roll showed that Egbert Bement appeared and answered in the action, William B. Bement not appearing. That at a Special Term of the Supreme Court held in the county of Tioga in February, 1857, it was among other things ordered and adjudged that the conveyance by William B. Bement to Egbert Bement, on the 20th October, 1854, of the one undivided half of his farm and premises, was executed with intent to hinder, delay and defraud the creditors of William B. Bement, and was and is fraudulent in fact; and the said deed of conveyance was and is void as against the plaintiffs Hyde and Everett, and is hereby declared null and void and set aside. And it was also adjudged and decreed that upon payment or tender by the plaintiffs to Egbert Bement, or the payment into court of the sum of $477.67 with interest from date of decree, the conveyance by William B. Bement to Egbert Bement, dated 1st March, 1854, of the equal undivided half of his farm and premises, be and the same is hereby declared null and void, and of no effect as against the rights of the plaintiffs under the executions mentioned in their complaint. And it was further ordered and adjudged that this decision is without prejudice to the rights of the

assignee of the mortgage mentioned in the complaint to secure the payment of the sum of $3,500, executed by Egbert Bement and wife to William B. Bement, bearing date 20th October, 1854, and which mortgage was assigned to Joseph Smart by an instrument of assignment bearing date 27th October, 1854, and recorded on the 30th October, 1854. And it was further ordered and adjudged that the sheriff of Tioga county be and he is hereby authorized and empowered to sell, under and by virtue of the plaintiffs' executions theretofore issued to him, the real estate and premises described and attempted to be conveyed to Egbert Bement by the deed of October 20, 1854, and also that he be authorized to sell the real estate and premises described and attempted to be conveyed by the deed of William B. Bement and wife to Egbert Bement, of March 1, 1854, upon the plaintiffs making the payment or tender mentioned, and upon which payment or tender being made, that deed shall be and the same is hereby declared to be null and void.

On appeal by Egbert Bement to the General Term of the Supreme Court from this judgment, it was ordered and adjudged that the said judgment be in all things reversed so far as it relates to the conveyances, transfers and transactions of March, 1854, and that the judgment be modified and stand as the judgment of the court, instead of the said judgment of the Special Term, to wit:

"It is ordered, adjudged and decreed that the deed of March 1, 1854, the lease or agreement, and the transfer of one-half the personal property, between Wm. B. and Egbert Bement were good and valid transactions, and free from fraud, and that said deed shall stand as a good and valid deed of conveyance for the property therein described.

"And it is further ordered and adjudged that the said judgment stand affirmed, so far as it declares the deed of the 20th October, 1854, fraudulent and void; so far as it requires the defendant Egbert to account with the plaintiffs for the personal property received by him under that transfer, amounting to the sum of $128; and also so far as it relates to the amount of chattel mortgages, $371.48; and so far as it

declares that the judgment is without prejudice to the lien of the Smart mortgage.

"And it is further ordered and adjudged that said judgment be affirmed as to costs before the appeal, but that neither party shall recover costs of the appeal.

"And it is further ordered and adjudged that as to all other matters the said judgment of the Special Term be reversed." (This judgment was entered in May, 1858.)

The defendants Hyde and Everett also read in evidence the judgment rolls and executions in the actions in which they were plaintiffs, and William B. Bement and others, defendants, mentioned in their answer; and also proved the docketing of those judgments on 3d November, 1854, in the county of Tioga; that the actions were commenced on the 6th May, 1854; that the executions were issued thereon to the sheriff of Tioga, on 24th November, 1854; that on the 10th March, 1859, the sheriff of Tioga proceeded to sell the real estate embraced in and covered by the deed of October 20, 1854; that at such sale the defendants Hyde and Everett became the purchasers thereof, and received the sheriff's certificate therefor, in the form prescribed by law, which were duly recorded, and that the premises have not been redeemed, and the defendants, Hyde and Everett, are still the owners of such certificates; that the only consideration for the bond and mortgage mentioned in the complaint was the conveyance of the 20th October, 1854.

The defendant Egbert Bement then called a witness by whom he proved that he (the witness) negotiated the sale of the mortgage in question to Smart the plaintiff, and that he disposed of the proceeds by William B. Bement's direction to pay certain of his creditors. He also proved by this witness that he (Egbert) had paid the interest on the mortgage so far as it had been paid.

The defendant Egbert Bement (Hyde and Everett objecting) offered in evidence a lease dated March 1st, 1854, from William B. Bement to Egbert Bement, of his undivided half of the premises and property in question. He also offered in evidence (under objection of Hyde and Everett) a

judgment roll in an action in the Supreme Court, in which Egbert Bement was plaintiff, and William B. Bement defendant, for the partition of the farm and premises covered by the plaintiff's mortgage. The action was commenced in April, 1859, and judgment entered in January, 1860. In this judgment Egbert Bement was declared to be seized in fee of a specific part of the farm, and William B. Bement of another specific part.

The judge found as facts the recovery of the judgments by Hyde and Everett, on 2d November, 1854, against William B. Bement and others; the issuing of the executions thereon on 25th November, 1854; that on 25th November, 1854, Hyde and Everett commenced their action against William B. Bement, Egbert Bement and wife, among other things to set aside the deed of conveyance of certain premises, bearing date October 20th, 1854, executed by William B. Bement and wife to Egbert Bement, upon the ground that the same was executed with intent to hinder, delay and defraud the creditors of said William B. Bement, of their lawful debts, damages and demands; that such proceedings were thereafter had in said action that a judgment was recovered therein, whereby it was among other things adjudged and ordered that the deed was executed with intent to hinder, delay and defraud the creditors of William B. Bement, and was fraudulent and void as against the defendants Hyde and Everett, and was thereby declared null and void and set aside, and the sheriff of the county of Tioga was directed to sell the said premises under the said executions; and that said mortgage in suit was executed as a consideration for said conveyance.

The judge then states: I find, as additional facts to those found and stated in my opinion, in the case in which Hyde and Everett were plaintiffs, and Egbert Bement and his father were defendants, and which facts I now find in this cause, first, that the plaintiff was a *bona fide* purchaser for value of the mortgage in suit; second, that the proceeds of said mortgage received by William B. Bement, or his attorney, were appropriated chiefly, if not wholly, to the payment of the debts of the said William B. Bement; third, that the

mortgage in suit covered not only the undivided half of the farm and mills conveyed by William B. Bement and wife to Egbert Bement, by deed of October, 1854, but also the undivided half conveyed in March previous; fourth, that subsequent to the determination of the suit between Hyde and Everett and the Bements, by which Egbert Bement was adjudged to be entitled to hold the undivided half of the farm, the farm has been partitioned, and the half thereof set off to Egbert Bement; fifth, that Hyde and Everett have also, since that determination, become the purchasers of the other half, under the sheriff's sale, by virtue of the execution in their favor against William B. Bement, having received a sheriff's certificate, but no deed; sixth, that Egbert Bement never received any consideration whatever for the bond and mortgage sought to be foreclosed in this suit.

The judge's conclusion, as matter of law, was that the plaintiff was entitled to judgment directing the sale of the premises embraced in the mortgage, or so much as is necessary to pay his mortgage, together with interest and his costs. That on such sale the farm be sold in parcels, and that the half part set off to William B. Bement and his creditors, be first sold, and if it does not produce sufficient to pay the plaintiff's judgment, then the half part of Egbert Bement, or so much as may be necessary to make up the deficiency, be sold.

The defendants Hyde and Everett excepted to these conclusions of law; and, also, to the 1st, 2d, 4th and 6th of the above findings of fact.

Judgment was entered in accordance with the decision for the foreclosure and sale of the mortgaged premises described in the complaint to satisfy the amount due on the bond and mortgage ($3,918.54), and plaintiffs' costs. It was further ordered in the judgment that of the mortgaged premises, the parcel set off to William B. Bement in the partition suit in 1860, between the Bements, be first sold; and in case the mortgage debt and costs shall not be made on the sale of such parcel, the sheriff shall next sell the parcel set off in said partition suit to Egbert Bement.

The defendants Hyde and Everett appealed from this judg-
ment to the General Term of the Supreme Court, where it
was modified as follows : " and it appearing by said judgment
of said Special Term that there was due on the 11th of July,
1860, of principal and interest on the bond and mortgage
set forth in the complaint in this action, the sum of
$3,918.54, and the costs of the action, it is adjudged that the
mortgaged premises described in the complaint in this
action, as hereinafter set forth, without discriminating in
favor of either of the defendants in said action, be sold
at public auction, in the county of Tioga, by and under
the direction of the sheriff of the county of Tioga; that
the said sheriff give notice of the time and place of sale,
according to law and the practice of the court; that either
of the parties to this action may purchase at such sale; that
the sheriff execute to the purchaser a deed or deeds of the
premises sold; that out of the moneys arising from such sale,
after deducting the amount of his fees and expenses of such
sale, and any lien or liens upon said premises so sold, at the
time of such sale, for taxes or assessments, the said sheriff
pay to said plaintiff, or his attorney, said sum of $3,918.54,
with interest thereon from July 11, 1860, or so much as the
purchase-money of the mortgaged premises will pay of the
same, take a receipt therefor, and file it with his report of
sale; that the surplus money, if any there be, arising from
such sale, belongs, one-half to the said Egbert Bement, and
the other half to the said Hyde and Everett; that he make
a report of such sale and file it with the clerk of this county,
with all convenient speed; that if the proceeds of such sale
be insufficient to pay the amount so reported due the plaintiff,
with interest and costs as aforesaid, the said sheriff specify
the amount of such deficiency in his report of sale; and that
the defendant Egbert Bement pay the same to the plaintiff,
and that the plaintiff have execution therefor; and that the
purchaser or purchasers at such sale be let into possession on
production of the sheriff's deed, and a certified copy of the
order confirming the report of sale." Then follows a clause

barring the equity of redemption of the defendants, and also a description of the mortgaged premises.

The defendant Egbert Bement, and also the defendants Hyde and Everett, appealed from this judgment to this court.

*H. S. Griswold*, for the plaintiff.

*A. J. Vanderpoel*, for the defendants Hyde and Everett.

*A. Birdsall*, for the defendant Bement.

WRIGHT, J. The action was to foreclose a mortgage on a farm or tract of land in the county of Tioga, executed on the 20th October, 1854, by Egbert Bement and wife to William B. Bement, and by the latter on the 27th October, 1854, duly assigned, for value, to the plaintiff. The complaint contained the general allegations that the defendants Isaac Hyde, Jr., and Valentine Everett, have, or claim to have, some interest or lien upon the mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of said mortgage. The defendant Bement, the mortgagor, put in an answer, admitting the execution and validity of the bond and mortgage, and the amount due thereon as set forth in the complaint, and set up no defense thereto, but alleged that before making the mortgage he was the owner of an undivided half of the mortgaged premises, and was applied to by William B. Bement, the owner of the other undivided half of said premises, to purchase the same, which he did, and executed the bond and mortgage in question for the purchase-money of said half of the premises, and for no other consideration; which bond and mortgage were sold by William B. Bement to the plaintiff, and the avails thereof applied to the payment of the debts of the latter; that on proceedings on behalf of defendants Hyde and Everett, as creditors of Wm. B. Bement, the title to the said half of the premises so purchased, failed, and was of no value to him, but was declared to belong to William B. Bement, without interfering in any manner with the lien or validity of the mortgage in the complaint mentioned; that since that proceeding the mortgaged prem-

ises have been partitioned between himself and William B. Bement; and he insisted that he was equitably entitled to have that part of the mortgaged premises that had been set off to William B. Bement first sold, and if from that was not realized the amount of the bond and mortgage, interest and costs, then that the part set off to him should be sold for any deficiency.

The defendants Hyde and Everett also answered in the action. In their answer they admitted the execution of the bond and mortgage, setting up no affirmative defense against the same, nor controverting the fact that the amount thereof should be made from the mortgaged premises, but the allegations of the answer consisted in showing that, as between themselves and William B. Bement, as creditors of the latter, they had succeeded in obtaining the judgment of the Supreme Court; that the conveyance from William B. Bement to the defendant Egbert Bement, in October, 1854, of an undivided half of the mortgaged premises (the consideration for which was the bond and mortgage in suit) was fraudulent in fact, and that the same was declared void, and such deed set aside; that the sheriff sold, on one of their executions issued to him, the real estate embraced in such conveyance (viz., the undivided half part of the premises covered by the mortgage, the other undivided half part belonging to Egbert Bement), and they became the purchasers and now hold the certificates of sale, and they claimed and insisted that if the bond and mortgage in suit are valid and binding securities in the hands of the plaintiff, they are entitled to have the same first enforced against Egbert Bement's undivided half part of the premises covered by the mortgage before the same can in any manner be enforced, as against the undivided half part thereof conveyed by William B. Bement to Egbert Bement, by the deed of the 20th October, 1854.

Upon this narrow question, raised between the defendants, as to what part, or which interest in the mortgaged premises, that of the defendant Egbert Bement or that which his father as alleged fraudulently attempted to convey to him

in October, 1854, should be first sold under the foreclosure judgment, the action has been pending for nearly six years. The question was one in which the plaintiff had no interest whatever; for the whole premises were subject to the lien of his mortgage. The contest has been conducted wholly between the defendants Hyde and Everett, on one side, and the defendant Bement, on the other. Certainly it was of no consequence to the plaintiff, whether Bement's claim, or Hyde and·Everett's claim, as to the order of sale, should be preferred; nor could the rights and equities of each defendant as against the other, and on which their respective claims were alleged to depend, be determined in the action. There were no issues of that kind raised by the pleadings. When all the facts as between defendants on the record are before the court, it may have power to determine issues and adjust equites between them, but it is not bound to do so, especially if there be any right of the plaintiff on the record which may be impaired or invaded. · That the defendants substantially asked by their answers the insertion of a clause in the decree of sale that might jeopard the interests of the plaintiff, seems to me apparent. Bement was the owner of an undivided half part of the mortgaged premises, and Hyde and Everett held the sheriff's certificates of sale, but no deed of the other undivided half part. In effect, the claim was on the part of Bement that the judgment should contain a provision that the undivided interest claimed by Hyde and Everett in the whole mortgaged premises (for that was the interest they had, if any), should be first sold, and on the part of Hyde and Everett, that Bement's undivided interest should be first sold — not that the farm or mortgaged premises should be sold in specific parcels, as the interest of each party, as alleged, was in the whole. It was easy to see that such a provision might injuriously affect the plaintiff in the collection of his mortgage debt. Yet the judge at Special Term (under the plaintiff's objection) proceeded to try the issues between the defendants, raised by their answers. Testimony was received wholly on their part, sometimes under objections of one party and then again by the other.

Hyde and Everett were allowed to introduce the record of a judgment in an action between themselves and the Bements, to which the plaintiff was not a party, and in which judgment it was provided in express terms that his rights as assignee of the mortgage should not be prejudiced thereby, declaring the deed from William B. Bement to Egbert Bement, of the date of October 20, 1854, conveying an undivided half of the mortgaged premises, fraudulent and void as to Wm. B. Bement's creditors, and setting the same aside.

To prove, also, the sale, by the sheriff, under one of these executions, on the 10th March, 1859, of the real estate embraced in and covered by such deed; that they became the purchasers and received the sheriff's certificates of sale, and still owned them; and that the only consideration for the bond and mortgage in suit was the conveyance of October 20, 1854,—Bement was also permitted to show the sale and assignment, by William B. Bement, of the bond and mortgage to the plaintiff, and the application of the proceeds thereof to the payment of Bement's debts; also, to introduce in evidence a judgment entered in January, 1860, in an action in the Supreme Court, wherein he was plaintiff, and William B. Bement was defendant, partitioning the mortgaged premises between them. And the judge, after thus receiving the defendant's proofs, found as the facts: First, the adjudication in the action of Hyde and Everett against the Bements; that the deed of October 20, 1854, was, as to the plaintiffs therein, fraudulent and void, and was set aside; second, that the mortgage in suit was executed as the consideration for such conveyance; third, that the plaintiff was a *bona fide* purchaser, for value, of such mortgage; fourth, that the proceeds of the mortgage were applied by William B. Bement to the payment of his debts; fifth, that the mortgage covered, not only the undivided half of the farm conveyed by William B. Bement to Egbert Bement, by deed of October, 1854, but also the undivided half conveyed in March previous; sixth, that, since the determination in the suit of Hyde and Everett against the Bements, the farm has been partitioned, and the half thereof set off to Egbert Bement; seventh, that, since

such determination, Hyde and Everett have become the pur-
chasers of the other half, under the sheriff's sale, by virtue
of the execution in their favor against William B. Bement,
having received a sheriff's certificate, but no deed; eighth, that
Egbert Bement never received any consideration whatever
for the bond and mortgage sought to be foreclosed in this suit.
Upon these findings, his legal conclusions were, that the
plaintiff was entitled to judgment, directing the sale of the
mortgaged premises, or so much as was necessary to pay his
mortgage, interest and costs of suit; and that, on such sale,
the premises be sold in parcels, and the half part set off to
William B. Bement, or his creditors, be first sold, and, if it
does not produce sufficient to pay the plaintiff's judgment,
then the half part of Egbert Bement, or as much as may be
necessary to make up the deficiency, be sold. Accordingly, a
judgment was entered, directing a sale of the mortgaged prem-
ises, to satisfy the amount due on the mortgage ($3,918.54)
and costs; and further directing that the premises be sold
in parcels, the first parcel to be sold being that described in
the judgment of partition as set off to William B. Bement;
and in case that be not sufficient to satisfy the mortgage debt
and costs, then to sell the part of the mortgaged premises
set off to Egbert Bement. This judgment was reversed, or
modified, by the General Term, by the entry of the usual
one in foreclosure cases, viz., that the mortgaged premises, or
so much thereof as may be necessary to satisfy the mortgage
debt and costs, be sold; and it is from the latter judgment
that these litigatory defendants between themselves have
appealed to this court.

If there be any merit in the appeal of either of them, I
have failed to discover it. The plaintiff has obtained, by the
judgment of the General Term, what I think he was origi-
nally entitled to upon the pleadings. He was the assignee
of a mortgage covering the whole premises; and no issue
was anywhere raised by the pleadings that the amount
claimed was not due, nor that the mortgage was not wholly
valid in his hands. But if the view be incorrect, that he
should have had the judgment appealed from on the plead-

ings, the case will be searched in vain for any evidence to impeach the validity of the mortgage in his hands, or to show that he was not entitled to enforce it against the entire premises. Clearly, the defendants, as against the plaintiff, have no ground for appeal.

The judgment should be affirmed.

LEONARD, J. (dissenting). The court below have wholly mistaken the effect of the fraudulent transaction of October, 1854, between the debtor and his son. They were each equally culpable, and the law has no partiality for either of them.

The judgment declaring the conveyances of October 20 to have been made to hinder, delay and defraud the creditors of William B. Bement, and void as to them, and directing a sale of the lands thereby granted, to satisfy the executions of the said creditors, granted no relief to the parties to the said fraud. As to them, the transaction remained as it did before. Neither could allege their own turpitude as a ground for setting aside the deed or the mortgage. They were forever estopped by those instruments. There was no revesting of the title to the land in William B. Bement by the judgment declaring his conveyance null and void as against Hyde and Everett. The father and son did not thereby again become tenants in common of the land, as if no conveyance had been executed. It was only for the purpose of relief to creditors that the land was subjected to their debt, as if no deed had been executed. Hence, there could be no partition of the lands between William B. and Egbert Bement. As between them, the conveyance was a barrier to their ownership in common. The General Term appear to have so considered it, as they refuse to direct a sale in the inverse order of alienation, according to the usual rule in equity, but direct the sale of the mortgaged premises without respect to the division which had taken place.

The effect of this modification, and the further direction to divide the surplus money arising from the mortgage sale between Hyde and Everett and Egbert Bement, is to charge

the share conveyed by the fraudulent deed with one-half of the mortgage debt, interest and cost. It gives to Egbert Bement a large portion of the benefit derived from his fraudulent transaction, and to that extent the creditors of William B. Bement are still hindered, delayed and defrauded. What is there in the facts which gives rise to this tenderness for Egbert Bement? The fact found by the judge, that he received no consideration for the mortgage, is wholly immaterial. The want of consideration, arising from the defeat of the fraudulent transaction, is a fact which Egbert is estopped by his mortgage from setting up, either as against his father or any other holder. Were the mortgage held by his father, neither would have any rights which would call for or permit a sale by foreclosure of that portion of the land covered by the fraudulent deed. Nor does the fact, also found by the judge, that William B. Bement applied the proceeds of the sale of the mortgage to the payment of his just debts, in any manner sanctify the fraud. The hindrance and fraud, and the consequent damage to creditors, must be overcome, as far as it is in the power of a court of equity to do it, without injury to the rights of innocent third parties.

Had Egbert paid the money for the conveyance of October 20, and the transaction had been committed to hinder, delay and defraud creditors, neither the payment of the money nor its subsequent honest application by the debtor to the payment of other debts would have saved the premises so conveyed from being subjected by a decree in equity to the executions of judgment creditors; and such would have been the result, without any regard to protecting Egbert, or making the money paid by him a prior equitable charge upon the land which he had sought fraudulently to acquire. It is his misfortune, as it was his fault, that this incumbrance was created, and not that of Hyde and Everett. Egbert Bement must bear the consequences resulting from the injury inflicted upon his father's creditors by the fraudulent act to which he was a voluntary party. A court of equity can extend no protection to Egbert Bement in this transaction, without visiting some portion of the injury arising from the fraud upon

the creditors, and, to that extent, making the fraud operative. The plaintiff has purchased a security of no validity as a lien upon the land conveyed by the fraudulent deed in the hands of the mortgagee, as against his creditors. It is the purchase by the plaintiff, in good faith and for value, that gives it any validity in his hands, as against the interest acquired by Hyde and Everett. The plaintiff became the owner before the creditors of William B. Bement had made any claim, or given any notice of their equitable rights, affecting a portion of the land covered by the mortgage. The defendant Egbert Bement made the claim by his answer; and it is between him and Hyde and Everett that the litigation has been conducted. It was necessary for Hyde and Everett to appear and defend, to protect their interest. They are entitled to costs of their whole defense and of the appeals taken against the defendant, Egbert Bement, whose unfounded claims have rendered the defense and the appeals necessary.

The decree should be modified, by directing a sale of the interest of the defendant, Egbert Bement, in the first instance, and payment of the mortgage, with interest and costs. In case there is a surplus, it is to be applied to the costs of Hyde and Everett, as far as necessary, and the surplus to be paid into court. Should the sale of the interest of Egbert fail to produce the sum reported due, with interest from October 27, 1854, and the plaintiff's costs, then the interest purchased by Hyde and Everett at the sheriff's sale is to be sold to raise the deficiency, and the surplus to be paid into court. No costs to be allowed as between the plaintiff and Hyde and Everett, nor as between the plaintiff and Egbert Bement, upon this appeal, nor of the appeals to the General Term of the Supreme Court, as no judgment in favor of the plaintiff has at any time been correct. The defendants Hyde and Everett should recover the costs of their defense, and of the appeal to the General Term and to this court against the defendant Egbert Bement.

Judgment affirmed, with a modification striking out the claims therein disposing of the surplus moneys, if any, arising from the sale of mortgaged premises.