# N. Y. COMMON PLEAS.

MICHAEL H. CASHMAN, plaintiff and respondent, agt. WILLIAM R. MARTIN, RACHAL J. ARBONA, WILLIAM H. PLATT *et al.*, defendants and appellants.

*Tender, when ineffectual — conditional — waiver — equities of mortgagee and purchaser.*

To make a valid tender, the money must be actually produced and offered to the creditor without imposing any conditions or restrictions whatever.

Where the plaintiff stated to defendant's agent that if the interest was not paid on that day he would commence an action of foreclosure on the following day, this plainly showed that the plaintiff was ready and willing to accept the interest.

The plaintiff was not bound to waive any claim he had by reason of the default by the defendants in the payment of the taxes and assessments on the property as a condition precedent to his right to have his interest paid to him.

A subsequent purchaser from the original grantee of an undivided portion of the premises, not having assumed payment of any portion of the mortgage given by the grantee, cannot compel the mortgagee, whose mortgage covers the whole premises, to sell them on foreclosure of the mortgage, in the inverse order of alienation.

This rule has no application to a mere undivided interest in the premises, and will not be applied where the court can see that its enforcement might prejudice the mortgagee in the collection of his debt. The mortgagee's equity is superior to that of the purchaser.

*General Term, November,* 1875.

*Before* DALY, *Ch. J.,* LOEW *and* LARREMORE, *JJ.*

APPEAL by the defendants from a judgment of foreclosure and sale rendered in favor of the plaintiff at an equity term of this court.

VOL. L      43

*John E. Burrill*, for defendants, appellants.

*Townsend Wandell*, for plaintiff, respondent.

LOEW, *J.* — This action was brought to foreclose a pur-chase-money mortgage for $18,000, made by the defendant Martin to the plaintiff, and covering four lots of land on the north-west corner of Eleventh avenue and Seventy-eighth street, in this city, on the ground of default in the payment of the interest.

The defendants Martin and Arbona, among other things, set up in their answers that the former duly offered and tendered to the plaintiff the interest in question before the expiration of time to which he was, by. a clause contained in the said mortgage and the bond secured thereby, limited,. and that the plaintiff refused to accept the same. But this plea of tender is clearly untenable. The money must be actually produced and offered to the creditor without impos-ing any conditions or restrictions whatever in order to amount to a valid tender (*Strong* agt. *Blake*, 46 *Barb.*, 227; *Roosevelt* agt. *Bull's Head Bank*, 45 *id.*, 579). Here no money was produced or tendered. Indeed, it would seem from the testimony that Mr. Kissick, the defendants' agent or messenger, did not even have the money with him at the time of the alleged tender.

The claim made, on the part of the defendants, that the plaintiff, by what he said or did on the occasion when Mr. Kissick called on him, waived a formal offer or tender of the interest and rendered the same unnecessary is equally unfounded. There is a class of cases in which a formal tender or demand would be superfluous and unnecessary. For instance, a demand would be useless, and therefore unnecessary, where a party has previously declared either his inability or unwillingness to comply with it. So, also, a tender would be but an idle ceremony, and, for that reason, need not be made, in certain cases, to a party who states in advance that he will not receive the money or thing to be

Cashman agt. Martin.

tendered. But the present case does not come within the principle of the cases alluded to. The plaintiff did not say that he would not receive the interest. On the contrary, Mr. Kissick testified that he said if the same was not paid that day he would commence an action of foreclosure on the following day. This plainly shows that the plaintiff was ready and willing to accept the interest.

The plaintiff was not bound to waive any claim he had by reason of the default, on the part of the defendants, in the payment of the taxes and assessments on the property as a condition precedent to his right to have the interest paid to him. It does not clearly appear from the evidence that the plaintiff ever made any claim against the defendants, or any one of them, on account of the non-payment of the taxes and assessments. In fact, he testified that he was not aware that the taxes and assessments on the property were in arrears until after the commencement of this action. Assuming, however, that he did make such a claim, the defendants were not justified in refusing to pay the interest unless the plaintiff waived the same. They should have paid or tendered the interest without insisting on any terms or imposing any qualifications or conditions. If the taxes and assessments were in reality unpaid and in arrear for the space of six months, then by a clause in the mortgage the principal became due and payable at the option of the plaintiff, and he could not be required to relinquish his right to bring an action of foreclosure on account of such non-payment in order to entitle him to the interest. If, on the other hand, there was no such default in the payment of the taxes and assessments as is contemplated by the clause referred to, any claim that the plaintiff might have made in reference thereto could not have injured the defendants, as they would have had a perfect defense to an action of foreclosure brought on that ground.

It is objected, on the part of the defendant Platt, that the court below erred in ordering that the premises be sold

in one parcel or in separate city lots, as the referee making the sale should deem advisable. It seems that the defendant Martin conveyed an undivided two-third part of the rear portion of the four lots in question, being a strip of land thirty feet in depth and one hundred feet in width, to one Hill, who subsequently conveyed the same to Platt. Neither Hill nor Platt had assumed the payment of any part of the plaintiff's mortgage, and Platt claims that under the circumstances his undivided interest in the strip of land referred to should have been directed to be sold only in the event that the residue of the premises did not bring enough to pay the amount adjudged to be due to the plaintiff. Undoubtedly, where separate portions of mortgaged premises have been conveyed in good faith to purchasers who have not assumed the payment of the mortgage, a court of equity will, in general, order that the residue of the said premises be sold in the first instance, and in case that prove insufficient to pay the mortgage debt and costs that the pieces or parcels so conveyed be then sold in the inverse order of their alienation (*Stuyvesant* agt. *Hall*, 2 *Barb. Ch.*, 155). But this rule has no application to a mere undivided interest in the premises, and will not be applied where the court can see that its enforcement might prejudice the mortgagee in the collection of the debt due him (*Smart* agt. *Bement*, 4 *Abb. Ct. of Appeals*, 253; *S. C.*, 3 *Keyes*, 241). In the case under consideration, the testimony shows and it is plainly to be seen that the sale of the property would be materially injured by an application of the rule as asked for. It might, therefore, injuriously affect the plaintiff's rights. These rights the court is bound to protect. The plaintiff's equities are superior to those of the defendant Platt. His mortgage covers the entire premises, and he is, consequently, entitled to enforce it against the same without reference to the equitable rule alluded to.

The judgment appealed from should be affirmed, with costs.

DALY, Ch. J., and LARREMORE, J., concurred.