(24 Misc. Rep. 706.)

SMITH et al. v. SOOSEN.

(Supreme Court, Appellate Term. October 5, 1898.)

1. APPEAL—SUFFICIENCY OF EVIDENCE.
　　The supreme court will not interfere with the conclusions of the trial court on questions of fact, unless the record shows that the testimony relied on was grossly improbable, or that for any reason it could not have been credited by the justice.

2. BROKERS—COMMISSIONS FROM BOTH PARTIES—PLEADING.
　　In an action on an agreement to pay for services in negotiating an exchange of property, the question as to whether plaintiff obtained a commission of the other party to the exchange without defendant's knowledge is not within the issue raised by defendant's answer, merely denying the alleged agreement, without denying the rendition of the services or setting out an affirmative plea respecting such matters.

Appeal from Second district court.

Action by William F. Smith and another against John F. Soosen. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

C. A. Burgess, for appellant.

J. C. Julius Langbein, for respondents.

BEEKMAN, P. J. This action is brought to recover the sum of $200, which, the plaintiffs allege, was agreed upon between them and the defendant as compensation for their services in negotiating an exchange of certain real property belonging to him for other realty which was the property of one Toelberg. The pleadings are in writing, the complaint setting up the contract, the performance of the services, and the nonpayment of the commission. The answer denies only

the agreement for the commission, thus admitting a complete and satisfactory performance by the plaintiffs of the services which were rendered by them. The trial justice gave judgment in favor of the plaintiffs for the full amount claimed by them.

Upon an examination of the record, it is plain that, while there was a conflict of evidence with respect to the making of the contract in question, there was testimony in the case which, if credited, was sufficient to support the judgment that was awarded against the defendant. It was peculiarly the province of the court below to pass upon the credibility of the witnesses, and to weigh the evidence. Under such circumstances, this court will not interfere with the conclusion of the trial court upon the facts, unless it appears upon the face of the record that the testimony relied upon was grossly improbable, or that for any reason it should not have been credited by the justice. It cannot be said that such is the case here.

The defendant also asks for a reversal of the judgment on the ground that the plaintiffs had an agreement also with Toelberg, the party with whom the exchange was made, for the payment of a commission upon the exchange, and that knowledge of this fact was withheld from him. There is evidence in the case tending to show that the plaintiffs did inform the defendant of that fact, and it must be assumed that the justice, in rendering judgment for the plaintiffs, found in their favor upon this point. But, apart from this, the question was not within the issues. There was no affirmative plea on this ground stated in the answer, nor did the defendant put in issue the performance of the services alleged in the complaint. Such a defense may be proven, of course, under an affirmative averment of the fact in the answer, or under a denial of the performance of the services for which compensation is claimed, on the theory that there is an implied agreement on the part of the agent or broker that he will render faithful service,—a condition which, it has been repeatedly held, is violated by a secret agreement for compensation with the other side. Bonwell v. Auld, 9 Misc. Rep. 65, 29 N. Y. Supp. 15; Duryee v. Lester, 75 N. Y. 442; Chatfield v. Simonson, 92 N. Y. 209; Abel v. Disbrow, 15 App. Div. 536, 44 N. Y. Supp. 573. But, as we have seen, the answer in this case neither sets up any affirmative defense nor puts in issue the rendition of the services; so that, under the pleadings, the only question which it was allowable for the court to try was with respect to the existence of the agreement alleged in the complaint. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.