BOLTON et al. v. AMSLER.

(Supreme Court, Appellate Term.   November 10, 1905.)

1. TENDER—PRODUCTION OF MONEY.
> The rule governing tender requires actual production of the money.
>
> [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Tender, §§ 29–32.]

2. SAME—WAIVER OF PRODUCTION.
> A waiver of the actual production of the money on a tender must be shown by some positive act or declaration on the part of the creditor.
>
> [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Tender, §§ 44, 53.]

3. CONTRACTS—VALIDITY—INDUCING BREACH OF TRUST.
> Any contract, the object or necessary tendency of which is to place one owing duties to third persons in a position where he is under obligations to two parties having antagonistic interests, is void, though in fact it has no bad effect.
>
> [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 527, 528.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by William C. Bolton and another against James J. Amsler. From a judgment in favor of plaintiffs, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Adam K. Stricker, for appellant.

John B. Grey, for respondents.

FITZGERALD, J.   The rule governing tender requires the actual production of the money.   Strong v. Blake, 46 Barb. 227; Bakeman v. Pooler, 15 Wend. 637; Lewis v. Mott, 36 N. Y. 395.   "It should be placed within the power of the party to whom it is made, so that he can reduce it to possession by merely reaching out and laying hold of the money."   Am. & Eng. Ency. of Law (2d Ed.) vol. 28, p. 28.   It is not enough that the party has the money in his pocket, and says to the creditor that he has it ready for him, and asks him to take it, without showing the money.   Bakeman v. Pooler, supra.   There are, of course, many cases holding that the general rule may be waived; but waiver must be shown by some positive act or declaration upon the part of the creditor.   The evidence disclosed here fails to bring this case within the waiver, and the doctrine of the general rule must be applied.

Moreover, the issue raised as to the dual capacity which it is claimed the plaintiff occupied as between vendor and vendee warranted the question addressed to the latter on page 23 of the testimony: "What did you agree to pay Mr. Bolton [plaintiff] if he would get you the lease?"   The ruling sustaining plaintiff's objection (which was a general one) was erroneous.   It may be that the form of the question was not proper, but this could have been readily remedied by calling the attention of the court thereto at the time.   Its materiality and competency are obvious.   "Any contract, the object or necessary tendency of which is to place one owing duties to third persons in a position where he is under obligations to two parties having antagonistic interests,

is void, even though in fact it have no bad effect." Greenhood on Public Policy, p. 292.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

SCOTT, P. J. (concurring). I do not think that the question as to a tender is important. There was evidence which would have justified the justice in finding that Kiernan had the money with him and offered to pay it over, and was prevented from actually tendering it by John J. Amsler's refusal to go on and close the transaction. If this was the fact, the failure to make an actual tender would be excused. There were not lacking, however, indications that Bolton acted throughout the transaction as the agent of Kiernan and in his interest. Consequently any evidence tending to support that view was relevant. It was error, therefore, to sustain the objection to the question put to Kiernan on cross-examination as to what he had agreed to pay Bolton if he would get the lease (Smith v. Soosen, 24 Misc. Rep. 706, 53 N. Y. Supp. 806), and for this error I agree that the judgment must be reversed. Of course, it is perfectly plain that no cause of action was made out against Mrs. Amsler, and we are forced to infer that the judgment, so far as it went against her, was inadvertent.

BISCHOFF, J., concurs.