IRVING MAIDMAN, Landlord, *v.* MOE SCHEINBERG, Tenant, and MOE SCHEINBERG & Co., Undertenant.

Municipal Court of the City of New York, Borough of Manhattan, October 13, 1949.

*Frederick E. Zane* for landlord.

*Milton Lerner* for tenant.

LUPIANO, J. This summary proceeding is brought by the landlord under subdivision (k) of section 8 of the Business Rent Law, as amended by chapter 535 of the Laws of 1949, to recover possession of a store from his statutory tenant.

The Business Rent Law (L. 1945, ch. 314) was amended in 1949, by adding a new subdivision (k) to section 8 creating further possibility for dispossession of tenants. The pertinent

section reads as follows: " (k) the landlord, subject to the following conditions, receives and accepts a bona fide offer to enter into a lease with a prospective tenant for any store at a rental of seventy-five hundred dollars per annum or more, for a term of not less than ten years, non-cancellable except for violation of any term or obligation of such lease, and the landlord offers to execute a lease containing the same terms and conditions with the tenant or tenants in possession, and such tenant or tenants fail, neglect or refuse to execute such a lease within thirty days after tender thereof to such tenant or tenants * * *."

In order to bring himself within the provisions of the statute, the landlord delivered a letter to his tenant-occupant notifying the tenant that he had received and accepted an offer to enter into a lease of the store with a prospective tenant. In effect the letter stated that a lease had been executed with a prospective tenant for a term of ten years wherein the rent was $7,500 per year and a similar lease was being offered to the tenant with the same terms and conditions. The executed lease was not shown nor a copy given to the tenant; nor was a proposed similar lease given to the tenant for acceptance and execution. No other terms and conditions of the offer were stated specifically to the tenant except as imparted in the letter of notice. The landlord contends that the notice was sufficient in that it contained all the statutory requirements necessary to toll the thirty-day period for action on the tenant's part, and that the tenant's conceded failure to accept the " offer " authorized the tenant's disposession.

It was shown upon the trial that the terms, covenants and conditions of the lease with the prospective tenant or his name had never been fully disclosed to the present tenant and occupant. The landlord stands on this notice. He took the position that he did not have to furnish to his tenant either a copy of the lease with the prospective tenant, or the terms, covenants and conditions of the lease with the prospective tenant, or to tender a lease upon the same terms to his tenant-occupant. We cannot agree with this.

It is apparent that the Legislature, by the amendment, intended to grant a landlord a greater freedom and latitude in the negotiation of leases affecting business property. But, in doing this, and to carry out the beneficial protection of the emergency rent control statutes, and to compel the landlord to deal fairly and honestly with his tenant, the Legislature laid down certain requirements in the amendment which must be followed.

The requirements of the statute are plain: 1. The landlord must receive and accept a bona fide offer to enter into a lease with a prospective tenant for the store at a rental of $7,500 per annum or more, for a term of not less than ten years, noncancelable except for violation of any term or obligation of such lease. 2. The landlord must offer to execute a lease containing the same terms and conditions with his tenant in possession. 3. The landlord must tender such a lease to his tenant in possession standing ready to execute such an agreement and giving the tenant thirty days thereafter to fail, neglect or refuse to execute such a lease.

It is conceded that the landlord never furnished the tenant with a copy of the lease he claims to have entered into with the prospective tenant, and he never tendered any lease to his tenant-occupant containing the same terms, covenants and conditions as were contained in the lease with the prospective tenant.

The letter delivered by the landlord did not comply with the requirements of the statute.

There was no tender of the lease or any lease to the tenant in possession. The letter was not such a tender as the law requires. The proposed lease tendered to the tenant-occupant must be actually produced and handed to him.

In order to make a valid tender, in accordance with the statute, the proposed lease to be tendered must be actually produced and offered to the party entitled thereto. A mere offer to execute a lease is insufficient. The tenderer must place the proposed lease in such a position that his control over it is relinquished for a sufficient time to enable the tenderee if he so desires, to reduce it to possession by merely reaching out and laying hold of it, and a person is not bound to say whether or not he will accept the thing until it is produced (*Lawrence* v. *Miller*, 86 N. Y. 131, 136–137; *Strong* v. *Blake*, 46 Barb. 227; *Cashman* v. *Martin*, 50 How. Prac. 337; *Bakeman* v. *Pooler*, 15 Wend. 637; *Dunham* v. *Jackson*, 6 Wend. 22; *Bolton* v. *Amsler*, 95 N. Y. S. 481).

The purpose and intent of the Legislature, by the wording of the statute, is to give the tenant in possession an opportunity for intelligent action and to make an examination or inquiries pertaining to his rights and the good faith of the landlord in connection with the transaction in which the tender is being made. This the tenant could not do unless he had manual possession of a copy of the proposed lease with full knowledge of all the terms and conditions of the lease which peculiarly may vary in every situation. Such knowledge, or lack of it, could well be the difference in accepting or rejecting the offer during the statutory period of consideration.

The statute does not require a concurrent act by the tenant-occupant at the time the landlord delivers the proposed lease to his tenant. The tenant is required to do nothing for thirty days after the proposed lease is put into his manual possession. During such time he must fail, neglect or refuse to accept the proposed lease so delivered to him before the right of the landlord ripens into a right to bring summary proceedings under the act.

The motion of the tenant to dismiss the petition is granted without prejudice to the commencement of a new proceeding.