MARY A. LEACH, Appellant, v. NORMAN WILLIAMS and FRANK S. PEAKE, Respondents.

*Replevin — a defendant can only recover for the property delivered under the writ — new trial granted although no exception was taken.*

The parties defendant in an action for replevin can only recover of the plaintiff for the property actually received by the latter under the writ.

The provisions of section 1718 of the Code of Civil Procedure, providing that the plaintiff may recover all the property described in the complaint, although the sheriff was unable to take it on the writ, is no authority for the position that the defendants may recover of the plaintiff for property not taken by virtue of the writ.

Where a case has been submitted to, and has been decided by a jury upon a wholly erroneous theory, the Appellate Division may grant a new trial, although no exception was taken to such a submission.

APPEAL by the plaintiff, Mary A. Leach, from a judgment of the Supreme Court in favor the defendants, entered in the office of the clerk of the county of Cattaraugus on the 12th day of December, 1895, upon the verdict of a jury rendered after a trial at the Cattaraugus Circuit, and also from an order entered in said clerk's office on the 6th day of December, 1895, denying the plaintiff's motion for a new trial made upon the minutes.

The judgment entered in this action adjudged that the defendants should recover thirty-five and one-half tons of hay replevied by the plaintiff, and in case delivery could not be had, that the defendants recover the value thereof, with costs.

*Henderson & Wentworth,* for the appellant.

*M. B. Jewell,* for the respondents.

FOLLETT, J.:

This action, replevin, was begun October 27, 1893, to recover fifty tons of hay.

November 2, 1893, the sheriff took from the defendants, by virtue of the writ, about 13 tons of hay. One hundred and two tons and 1,405 pounds of hay were raised on the farm, which were worth, as agreed, $8 per ton, total value $821.62. The plaintiff claims to be the owner of all the hay. The defendant Williams asserts that he raised the hay on shares on the plaintiff's farm and owns one-half of it — 51 tons and 702½ pounds, of the value of $410.81. Before any division was made, the defendant Williams contracted to sell his share of the hay to defendant Peake, and began baling and delivering it to the purchaser. Before this action was begun, 14 tons, 1,150 pounds had been delivered to Peake, shipped away, and was not recovered by the plaintiff; which was worth, at $8 per ton, $116.60, which left 36 tons, 1,552½ pounds on the farm when the writ of replevin was served, of the value of $294.21. The defendants neglected to include the replevin papers in the judgment roll, as required by section 1717 of the Code of Civil Procedure.

The court instructed the jury that if they found that the defendants were entitled to the hay, they should deduct 14 tons, 1,150 pounds from 51 tons, 702½ pounds, which leaves 36 tons and 1,552½ pounds, and render in their favor a verdict for the return of that amount, and assess the value thereof at $8 per ton, which equals $294.21. The jury found that " the defendants are entitled to the possession of one-half of the hay raised on the farm. That the quantity is fifty-one tons — the amount already received, to wit : fourteen tons, making thirty-five tons. That the value thereof is $284, and the damages for detention $37.26." A judgment was entered for 35½ tons.

The defendants were not entitled to recover of the plaintiff more hay than she received under her writ. (Wells Replev. § 499, and cases cited.) What will be the effect of this judgment upon the rights of the defendants and the rights of the sureties of the plaintiff on her undertaking given to obtain the writ? Will the sureties be liable for the damages awarded for hay not taken by the plaintiff

under the writ, or will they be wholly absolved from liability on the undertaking?

Section 1718 of the Code of Civil Procedure does not help the defendants' case, for it simply provides that the plaintiff may recover all the property described in the complaint, though the sheriff was unable to take it on the writ; but it is no authority for the position that the defendants may recover of the plaintiff for property not taken by virtue of the writ.

The plaintiff took two exceptions only to the charge, to wit: (1) "I except to your honor's charge that the jury may find a verdict in any event against the plaintiff for the defendants, and also the charge as to the form of the verdict. My exception is that the evidence does not warrant the charge that the jury may find a verdict for the defendants in any event." (2) "I except to the charge that the defendant is entitled to any hay previous to a division, or any opportunity for it."

These exceptions did not call the attention of the court to the point that the defendants were not entitled to a verdict for the return of more hay than the plaintiff actually recovered by virtue of her writ. However, it is a well-established rule of law that if a case has been submitted to and decided by the jury upon an wholly erroneous theory, this court may grant a new trial, though there is no exception to such submission. (*Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506; *Roberts* v. *Tobias*, 120 id. 1; *Whittaker* v. *D. & H. Canal Co.*, 49 Hun, 400.)

Judgment and order reversed and a new trial ordered, with costs to abide the event, unless the defendants stipulate to reduce the recovery to $104.06, in which event the judgment and order as so modified are affirmed, without costs to either party.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event, unless the defendants stipulate to reduce the recovery to $104.06, in which event the judgment and order as so modified are affirmed, without costs of the appeal to either party.