## INSKY v. CHATKOFF.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. MUNICIPAL COURT—JUDGMENT—AUTHORITY TO VACATE.
    Municipal Court Act (Laws 1902, p. 1563, c. 580, § 254), authorizing the court to. vacate a judgment and grant a new trial in specified cases, does not empower the court to vacate a judgment in favor of one party and give a judgment in favor of the other party.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sol Insky against Benjamin Chatkoff.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

A. I. Albert, for appellant.
S. Chugerman, for respondent.

GILDERSLEEVE, J.   The record in the case reads as follows, viz.:

"The case here closed, and said justice thereupon, to wit, on the 5th day of March, 1903, rendered judgment in favor of the defendant and against the plaintiff, and subsequently, upon motion to resettle, the same was vacated, and judgment granted in favor of plaintiff and against the defendant for $23.25, and $2 costs."

The court, under the conditions set forth in section 254 of the municipal court act (Laws 1902, p. 1563, c. 580), has the power to vacate a judgment and grant a new trial, but there is no authority given to the court to vacate a judgment in favor of one party and give a judgment in favor of the other party.

The judgment must be reversed and a new trial granted, with costs to appellant to abide the event.   All concur.