### R. E. DIETZ CO. v. MILLER, SEARS & WALLING CO.

(Supreme Court, Appellate Term. May 19, 1904.)

1. OFFER OF JUDGMENT—SUFFICIENCY—INTEREST.

    Where no written offer of judgment is attached to the return, and the summons merely shows an offer of judgment for a certain amount, which did not include interest to which plaintiff was entitled, the offer was insufficient.

2. ADMISSIONS—RETRIAL.

    In an action for a balance alleged to be due for goods sold, a waiver by plaintiff of its claim for an amount which defendant claimed as a rebate was not an admission that such amount was due defendant, so as to preclude plaintiff on a subsequent trial from litigating the question.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the R. E. Dietz Company against the Miller, Sears & Walling Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Day, Van Zandt, Walsh & Webb, for appellant.

Baggott & Ryall, for respondent.

PER CURIAM. Upon the former appeal (84 N. Y. Supp. 510) it was assumed that the indorsement by the justice upon the summons of the defendant's offer of judgment carried with it the presumption that the offer was duly and properly made as required by section 148 of the Municipal Court act (Laws 1902, p. 1537, c. 580). There is nothing in the present record to overcome that presumption. Upon that appeal the judgment was reversed because of an evident miscalculation in the amount awarded. The action was for a small balance for goods sold, amounting to $21.83, against which the defendant claimed to be entitled to certain rebates amounting to $2.85, and admitted an indebtedness of $18.98. On the return day the defendant made an offer of judgment for $21.08. On the first trial the plaintiff conceded this allowance. Up-

on the new trial the amount due for rebates was disputed, and the justice has allowed 75 cents of the rebate claimed, and disallowed $2.10. This makes due to plaintiff from defendant at the time of the commencement of the action the sum of $21.08, the exact amount for which judgment was offered on the return day, which was May 28, 1903. It is manifest, however, that there was on this date due something for interest on the balance; and, for the purposes of this appeal, it matters not whether that interest be calculated from March 21st, as defendant claims that it should be, or from May 20th, the date from which defendant proposes to calculate it. In either case there was due something by way of interest. If the defendant had offered to allow judgment to be taken against them for $21.08, with interest and costs, as in their brief they claim to have done, this appeal might prove to be meritorious. The record does not show that they did so. The written offer of judgment, if one was ever filed, is not attached to the return, and the only evidence of what that offer was is the indorsement upon the summons in the handwriting of the justice which reads, "Offer $21.08," and contains no mention of either interest or costs. Assuming that the justice was right in his disallowance of the claim for a rebate of $2.10, it is apparent that the offer was for a smaller sum than defendant was liable for on the date on which the offer was made. We are not disposed to interfere with the finding of the justice. The plaintiff's waiver of its claim for the $2.85 on the first trial was not an admission that that amount was due to defendant, and did not preclude them from litigating the question on the second trial.

The judgment should be affirmed, with costs.