(117 App. Div. 185)

### GOLDMAN v. SWARTWOUT.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

1. COSTS—TENDER—EFFECT.

 In an action to recover the value of certain stock, defendant admitted that he sold the stock with plaintiff's authority for $50, and claimed to have tendered plaintiff $51 in cash, representing the purchase price and interest, and that defendant was prevented by injunction from paying over the same. The tender was kept good by a payment into court, which was alleged in defendant's answer, and not denied. On the trial defendant offered to prove the payment of the money into court, but, on objection, the

court held that it was not necessary, and charged that the only question was whether defendant received $50 or $75 for the stock, and that, if he received $75, the jury should render a verdict for $89.40; but, if he only received $50, "the verdict should only be for that sum." *Held* that, the jury having rendered a verdict in accordance with defendant's contention, it was error to render a judgment for costs against defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 137–164.]

2. APPEAL—CONSTRUCTION—EXCEPTION—VERDICT.

Where a case was submitted to the jury on an erroneous theory, the appellate court was not limited by the fact that the appellant failed to take an exception to the charge; it being sufficient that he moved for a new trial on the ground that the verdict was contrary to law and excepted to the denial of the motion.

Appeal from Trial Term, New York County.

Action by Harris B. Goldman against Frank G. Swartwout. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and LAMBERT, JJ.

James C. Bushby, for appellant.

Nathan D. Stern, for respondent.

LAMBERT, J. The defendant in this action appears to have been intrusted with certain shares of the stock of the Scarsdale Water Company, with authority to sell the same for the plaintiff and his wife, at a price not less than $50 per share. The cause of action originally pleaded involved eight shares, but, it subsequently appearing that seven of these shares belonged to the plaintiff's wife, the action was continued only as to the single share owned by the plaintiff. The defendant sold this share of stock, with others, and the plaintiff brings this action to recover $100, the par value of the stock. The defendant claimed to have sold the stock for $50, the minimum figure authorized, and it is not disputed that he tendered to the plaintiff $51 in cash; this being the purchase price, with interest added, the defendant having been prevented by an injunction from paying over the same. This tender was refused. These facts were set out in the answer, and it was alleged that this amount had been paid into court and remained there subject to the plaintiff's acceptance. Upon the trial the defendant offered evidence tending to prove the payment of the $51 into court, but, on the plaintiff objecting that such evidence was "incompetent, irrelevant, and immaterial," the court without ruling otherwise, said:

"It is not necessary. All this jury will have to pass upon is the amount the stock sold for."

In its charge the court submitted this single question, whether the defendant sold the stock for $50, as he claimed, or whether he had received $75, as the plaintiff alleged the defendant had stated to him. And the court said:

"If it is $75, then you are to render a verdict for $89.40, being the amount with interest; but, if it was $50, then because of the tender made in this case, which stops the running of interest, you are to render a verdict for $50."

The defendant's counsel moved for a new trial on the grounds that the verdict "is contrary to the evidence, contrary to the weight of evidence, and contrary to law," without making any objection or exception to the charge of the court in submitting the question. The result is that the defendant who has under the verdict discharged all of the duties and obligations which he owes to the plaintiff is confronted with a judgment for costs in the sum of $137.82, a manifest injustice, which it is the duty of this court to prevent.

This is not the case of a tender after the bringing of the action, as provided for by sections 731 and 734, inclusive, of the Code of Civil Procedure. It is a common-law tender. The defendant, before any action was brought, tendered the plaintiff the amount which he had received for the stock, together with interest, and this tender was rejected. These facts were pleaded and sought to be proved upon the trial, and the answer further alleged that the money had been paid into court. When the defendant offered evidence in support of this proposition, the plaintiff raised objections to the proof. The court suggested that it was unnecessary, evidently intending to take judicial notice of the fact of the deposit, as he did in his charge to the jury; and for this he had some warrant. 17 Am. & Eng. Ency. of Law, 926; 16 Cyc. 916.

Under this situation of affairs, the defendant was entitled to the benefit of his defense of a tender in liquidation or payment of the debt in suit. In contemplation of law, the defendant had relinquished all claim to the $51. That belonged of right to the plaintiff. It had been offered to him, and the offer had been kept good by the defendant surrendering the fund to the court in behalf of the plaintiff; and, as the latter failed to establish a right to more than the sum which the defendant conceded to be due, the defendant was entitled to a verdict. Under the circumstances of this case, he had a right to assume that the verdict of the jury, sustaining his contention, would be in his favor; and his failure to take exception to the direction of the court to find a verdict for $50, if they found with the defendant's contention, ought not to be permitted to deprive him of his rights. The plaintiff acquiesced in the charge, which assumed the deposit; and the injustice to the defendant is due merely to the error of the court in excluding all consideration of the tender. The defendant had paid to the plaintiff, in contemplation of law, all that was due him. Becker v. Boon, 61 N. Y. 317, 322; Wilson v. Doran, 110 N. Y. 101, 106, 107, 17 N. E. 688, and authorities there cited. If the money was in the hands of the court (and this was assumed by the court, and acquiesced in by the plaintiff), it belonged to the plaintiff, and the defendant could not take it away from him, no matter what the result of the trial. The defendant, therefore, owed to the plaintiff nothing, and yet by the judgment entered upon the verdict he is charged with costs far in excess of the amount claimed. He is punished, while having discharged every duty which he owed to the plaintiff.

The verdict is, in form, contrary to law, and the judgment based upon that verdict cannot stand without working such a wrong that it would be a shock to our sense of justice. The case was submitted to the jury upon an erroneous theory, and in such a case we are not

limited by the fact that the defendant failed to take an exception to the charge. Leach v. Williams, 12 App. Div. 173, 175, 42 N. Y. Supp. 574; Vorce v. Oppenheim, 37 App. Div. 69, 55 N. Y. Supp. 596. It is enough that he moved for a new trial upon the ground that the verdict was contrary to law, and excepted to the denial of that motion.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.