### ROSENBLATT v. VILLAMENA et al.

(Supreme Court, Appellate Term. November 29, 1907.)

COSTS—OFFER OF JUDGMENT.

No special provision is made by the Municipal Court act for a tender, but section 148 (Laws 1902, p. 1537, c. 580) declares that a defendant may either make a written offer of judgment, with costs, or deposit the amount of his offer with the clerk, and that when such an offer or deposit is made, if plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of making the offer, and must pay defendant's costs from that time. Plaintiff's claim for $57.50 was conceded, but defendant interposed a counterclaim for $15, and paid into court $42.50. *Held*, that though defendant's counterclaim was established at $15.50, defendant's deposit having included nothing for interest or costs up to the time the deposit was made, plaintiff was entitled to judgment for $42. and costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 137, 142.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Dellie C. Rosenblatt against Diodato Villamena and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

M. S. & I. S. Issacs, for appellant.
Baker & Hyman, for respondents.

PER CURIAM. The action was brought for the sum of $57.50, with interest from April 1, 1907, being for rent claimed to be due

from defendants to the plaintiff. The defendants interposed a denial, and a counterclaim for $15 for repairs alleged to have been properly chargeable to the landlords. After suit was commenced the defendants paid into court the sum of $42.50, but with no costs or interest. Upon the trial defendants conceded the plaintiff's claim and succeeded in establishing their counterclaim, and the jury so found. The judgment, however, was entered as being in favor of the defendants against the plaintiff for the sum of $12 costs.

The plaintiff appeals from the judgment thus rendered, and very properly. The Municipal Court act makes no special provision for a tender, but provides that a defendant may either make a written offer of judgment, with costs, or deposit the amount of his offer, if a sum of money, with the clerk, with like effect as a written offer. Section 148, Municipal Court Act (Laws 1902, p. 1537, c. 580). When such an offer, or a deposit of money, is made, if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of making the offer, and must pay the defendant's costs from that time. It follows, therefore, that unless the deposit is equal to the plaintiff's claim, with costs, the defendant is not entitled to costs. In the case at bar the plaintiff's claim was $57.50, conceded to be due. The defendant's deposit was not equal, together with the amount of his counterclaim, established at $15.50, to the plaintiff's claim, "with costs" up to the time of such deposit, and the judgment should therefore have been in favor of the plaintiff for the sum of $42 and costs.

Judgment modified, by directing judgment for the plaintiff for the sum of $42 and appropriate costs in the court below, and, as modified, affirmed, without costs in this court.

ERLANGER, J., concurs. LEVENTRITT, J., concurs in the result.