## LEVY v. LOEW.

### (Supreme Court, Appellate Term.  December 12, 1907.)

COSTS—TENDER—PAYMENT INTO COURT.

Payment of money into the Municipal Court is not regulated by Code Civ. Proc. §§ 731–734, and section 3347, subd. 6, relating to tender and payment into court, but is controlled by Municipal Court Act, Laws 1902, p. 1537, c. 580, § 148; and payment into court precludes plaintiff from recovering costs after date of payment, and compels him to pay defendant's costs thereafter unless he recovers a more favorable judgment, in which case he is entitled to costs and the money paid into court must be credited on the execution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 137–164.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Charles Levy against Leopold Loew.  From a judgment granting insufficient relief, plaintiff appeals.  Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and BRUCE and GUY, JJ.

Oscar Englander, for appellant.

William N. Loew, for respondent.

GILDERSLEEVE, P. J.  Plaintiff brought this action to recover the sum of $165 for work and materials furnished to the defendant under a contract.  The pleadings were oral, and the following indorsement appears upon the summons:  "Tender $150."  The plaintiff proved himself entitled, as the trial court found, to the sum of $159 damages, for which judgment was rendered in his favor, and also for $2 costs and $15 extra costs.  Subsequently the defendant moved for a retaxation of costs, and asked that the clerk be directed to strike from the judgment the item of $15 costs.  Upon the hearing of this motion the court struck out that item and also made the following indorsement upon the summons:

"Under authority of Goldman v. Swartwout, 117 App. Div. 185, 102 N. Y. Supp. 302, this judgment must be reduced to amount between allowance and tender, namely, $9."

The plaintiff appeals from the judgment as so reduced.  The defendant's counsel in his brief says:

"The evidence shows a tender before suit, which was made good by the deposit of the sum offered and tendered with the clerk of the court, namely, of the sum of $150."

An examination of the record fails to disclose any such fact.  The only testimony given regarding a tender, is a question by the court: "Have you made a tender here?".  Defendant's Counsel: "Yes; $150." When a tender of this amount, if ever, was made to the plaintiff, does not appear; nor is there anything in the record to show that any sum whatever was paid into court.  Section 148 of the Municipal Court act (Laws 1902, p. 1537, c. 580) contains the only provision regarding the payment of money into those courts, and declares the effect of so doing.  Sections 731, 732, 733, and 734, Code of Civil Procedure, are

not applicable to the Municipal Court. See section 3347, subd. 6, Code of Civil Procedure. Payment of money into court by the defendant, unless accepted by the plaintiff, precludes him from recovering costs after the date of such payment, and compels him to pay the defendant's costs thereafter, unless the plaintiff recovers a more favorable judgment. In the case at bar, even if we assume that the defendant paid into court the sum of $150, the plaintiff recovered a judgment more favorable than that amount, and therefore was entitled to costs. The court below had no authority to reduce the recovery, or strike out the $15 costs, and the judgment must be modified. If in fact any sum was paid into court, it must be paid to the plaintiff and credited upon the execution.

Judgment modified, by increasing the amount of recovery to the sum of $159 and increasing the amount of costs by $15, and, thus modified, affirmed, with costs. All concur.