RUMPF et al. v. SCHIFF et al.

(Supreme Court, Appellate Term. March 5, 1908.)

1. PLEADING—MOTION FOR JUDGMENT ON PLEADINGS—ADMISSION IN PLEADING.

Plaintiffs sued for goods sold and delivered, for which the alleged defendants agreed to pay $157.50. Defendants denied the allegations of the complaint, and set up that plaintiffs agreed to sell and deliver a quantity of goods of the agreed price of $157.50; that they did deliver goods of the value of $150, on which defendants were entitled to a discount of 2 per cent., amounting to $3; that before the commencement of the action they tendered the sum of $147, which plaintiffs refused to accept; and that defendants therewith tendered the same into court. At the trial plaintiffs offered no proof, but rested their case, and asked for judgment for the amount paid into court, whereupon defendants moved to dismiss on the ground that plaintiffs had not established a cause of action. *Held*, that the motion to dismiss should have been granted, as the answer as drawn contained no admission which entitled plaintiffs to a judgment on the pleadings.

2. TENDER—MODE AND SUFFICIENCY—CHECK.

A creditor ordinarily is not compelled to accept his debtor's check in payment of the indebtedness, and an offer thereof is insufficient to constitute a tender.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, § 29.]

3. SAME—KEEPING TENDER GOOD—TENDER NOT ACCEPTED.

Where purchasers of goods, after return to them by vendors of their check offered in payment, destroyed the same and left the moneys on which it was drawn subject to any other call of their business, there was a failure to keep the tender good, even if the offer of the check should be considered a valid tender.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, §§ 55–58.]

**4. JUDGMENT—OFFER OF JUDGMENT.**

Under Municipal Court Act, Laws 1902, p. 1537, c. 580, § 148, providing that defendant may offer to allow judgment against him for a sum of money, with costs, and that, if plaintiff shall not accept the offer and fails to recover a more favorable judgment, he cannot recover costs from the time of the offer, but must pay defendant's costs from that time, where the deposit by defendants was insufficient to cover the amount admitted on the trial by defendants to be due plaintiffs and the costs up to the time of deposit, judgment should have been given for plaintiffs for the amount admitted to be due and costs, the deposit to be credited thereon.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Frederick Rumpf, Jr., and another, against Isaac O. Schiff and another. Judgment for defendants, and plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Hastings & Gleason (Charles M. MacLaren, of counsel), for appellants.

Morrison & Schiff, for respondents.

GILDERSLEEVE, P. J. The plaintiffs sued for goods sold and delivered to the defendants, for which they alleged the defendants agreed to pay $157.50. Defendants denied the complaint, and as a defense set up that plaintiffs agreed to sell and deliver to them a quantity of goods of the value and agreed price of $157.50; that they did deliver a case of goods of the value of $150, upon which defendants were entitled to a discount of 2 per cent., amounting to the sum of $3; that before the commencement of the action they tendered to plaintiffs the sum of $147, being the amount due plaintiffs less said 2 per cent., which sum plaintiffs refused to accept; and that "defendants herewith tender said sum into court for the use and benefit of the plaintiffs." At the opening of the trial the plaintiffs offered no proof, but rested their case, and asked for judgment for the amount paid into court by the defendants. The defendants moved to dismiss the complaint upon the ground that the plaintiffs had not established a cause of action. A long colloquy then ensued between counsel and the court, during which the plaintiffs' attorney stated that the "tender" that was then in court was perfectly satisfactory to them, but that they must have the costs up to date. The decisions of the respective motions was reserved by the court. One of the defendants then went upon the stand, and testified that they purchased a quantity of goods of the plaintiffs; that after their receipt they informed the plaintiffs that the total amount purchased was not in the case received; that subsequently they sent plaintiffs a check by mail for $147, which the plaintiffs returned with a letter (the contents of which was not disclosed); that the check was subsequently destroyed by them; and that they never had made any further offer of check or money to the plaintiffs, but had deposited the sum aforesaid into court. The defendants' attorney then renewed his motion for a dismissal of.

the complaint, and judgment was thereafter rendered in favor of the defendants, against the plaintiffs, for costs.

When the plaintiffs rested their case, the motion to dismiss should have been granted. There was no admission in the defendants' answer, as the same was drawn, which entitled the plaintiffs to a judgment on the pleadings. At the close of the defendants' case, however, they had shown a sale and delivery of goods by the plaintiffs to them, and had admitted an indebtedness thereon to the plaintiffs of $147. They had not shown a tender, and consequently the plaintiffs could not be deprived of their costs. The defendants had sent a check by mail to the plaintiffs, which they had returned to the defendants. Upon its return it was destroyed by the defendants. Ordinarily a creditor is not compelled to accept his debtor's check in payment of an indebtedness. Grussey v. Schneider, 50 How. Prac. 134; Strong v. Blake, 46 Barb. 227; Bakeman v. Pooler, 15 Wend. 637; Lewis v. Mott, 36 N. Y. 395; Bolton v. Amsler (Sup.) 95 N. Y. Supp. 481. It is only under circumstances peculiar to the particular case that courts have sometimes held the tender of a check might be deemed sufficient. Such cases were those of Mitchell et al. v. V. C. M. Co., 67 N. Y. 280; Wright v. John A. Robinson & Co., 84 Hun, 172, 32 N. Y. Supp. 463, cited by the respondent. The theory upon which a tender of a check in the former case was held sufficient was that, the check having been declined upon one or more specific grounds other than upon the ground that it was a check, the creditor could not afterwards urge that the tender was in the form of a check as a ground for its rejection. In the latter case the plaintiff had, when payments of rent became due from the defendant, requested that a check be sent him, and the giving of checks had been sanctioned by the course of dealings between the parties.

The object of a tender before suit is to stop the running of interest and to prevent costs, and to accomplish this result the debtor should at all times regard the money or thing tendered as the property of the creditor, ready at all times to be surrendered to him, and the money tendered must be brought into court. Roosevelt v. Bull Heads Bank, 45 Barb. 579. In the case at bar, even if we should consider the check, when offered to the plaintiffs, as a valid tender, the defendants subsequently destroyed the check, treating it as their own, and left the moneys in the bank upon which it was drawn subject to any other call of their business, and thus failed to keep the tender good. The so-called tender before suit being invalid, the deposit into court of the sum of $147 could only be available to the defendants under the provisions of section 148 of the Municipal Court act (Laws 1902, p. 1537, c. 580). That section provides for the deposit of money into court with like effect as an offer of judgment. Such deposit must be sufficient in amount to equal the plaintiff's claim, together with the costs up to the time of such deposit. This payment into court cannot be given in evidence, nor can it be considered by the court or jury in determining the amount of the plaintiff's claim. If the plaintiff fails to recover a

more favorable judgment, he cannot recover costs after such offer or payment; the practice being, if the plaintiff's judgment exceeds the amount of the offer or payment, to give judgment for the full amount to which he is entitled, crediting the deposit upon the account of the judgment when entered. Dakin v. Dunning, 7 Hill, 30, 42 Am. Dec. 33. If the amount of the offer or payment equals the sum for which the plaintiff is entitled to judgment and the costs up to the time of such offer or payment, the defendant has judgment, and the plaintiff has the amount of the deposit. Becker v. Boon, 61 N. Y. 317; Dakin v. Denning, supra.

The defendants having shown an indebtedness on their part to the plaintiffs of at least $147, and their deposit not being sufficient in amount to cover the admitted claim of the plaintiffs and the costs up to the time of the deposit, the judgment should have been in favor of the plaintiffs for the sum of $147 and costs; the deposit to be credited thereon. Rosenblatt v. Villamena (Sup.) 107 N. Y. Supp. 91; Levy v. Loew (Sup.) 107 N. Y. Supp. 620; R. E. Dietz Co. v. Miller-Sears-Walling Co. (Sup.) 88 N. Y. Supp. 322.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.