PUBLIC BANK OF NEW YORK CITY v. BIRNBAUM et al.

(Supreme Court, Appellate Term.  May 27, 1909.)

1. JUDGMENT (§ 313*)—CORRECTION.
     The trial court had no authority, under the guise of an amendment, to reverse a judgment obtained by plaintiff and render one in favor of defendant.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 607, 608; Dec. Dig. § 313.*]

2. COSTS (§ 42*)—EFFECT OF TENDER.
     Municipal Court Act (Laws 1902, p. 1537, c. 580) § 148, declares that a defendant may either make a written offer of judgment, with costs, or deposit the amount of his offer with the clerk, and if plaintiff fails to obtain a more favorable judgment he cannot recover the costs from the time of making the offer, and must pay defendant's costs from that time. *Held*, that a tender, made after suit brought, that does not include interest and costs up to the time of the tender, is invalid.
     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 142, 143; Dec. Dig. § 42.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Public Bank of New York City against Herman Birnbaum and others.  From an order setting aside a judgment in its favor, plaintiff appeals.  Order reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Henry Fluegelman, for appellant.

PER CURIAM.  The facts herein are undisputed.  The plaintiff sued upon a promissory note, of which the defendant Asterer was the maker and the other defendants the indorsers.  The note was dated September 9, 1908, was for $250, and payable four months after date. The plaintiff recovered a judgment, which was entered on February 17, 1909, for the sum of $202 damages and $2 costs and $20 extra costs.  Subsequently the defendants made a motion to correct the judgment.  From the moving papers, it is claimed by the defendants that they had upon the trial proved a payment to apply upon the note of the sum of $50, and had averred a tender of the sum of $200 prior to the beginning of the action, and had paid into court, upon a motion made by them to allow them to amend their answer, the said sum of $200.  The defendants also state that the only question raised upon the trial, and litigated therein, was whether or not the sum of $200, or the sum of $250, was due upon the note, and further say:

"It is therefore obvious that the judgment in this action should either have been for the plaintiff for the full amount of $250, with interest and costs, or for the defendants, which latter judgment would give the plaintiff the sum of $200 deposited in court."

The court thereupon, as appears from the record, "amended and corrected the judgment, so as to render judgment in favor of the defendants Birnbaum and Auerbach."  In other words, he reversed the judgment obtained by the plaintiff, and rendered a judgment in favor

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the defendants, thus making, under the guise of an amendment, an entirely new judgment, and one in favor of the defendants, instead of as at first rendered in favor of the plaintiff. This he had no authority to do. Insky v. Chatkoff (Sup.) 84 N. Y. Supp. 253.

Moreover, it clearly appears that the so-called tender, if made before suit, was not kept good, by payment of the amount into court, until after suit was brought, and interest had accrued, and costs made, and a tender, made after suit brought, that does not include interest and costs up to the time of the tender, is invalid. James Reilly Sons Co. v. Aaron (Sup.) 86 N. Y. Supp. 732. The provision regulating the subject of a tender in the Municipal Court is set forth in section 148 of the Municipal Court act (Laws 1902, p. 1537, c. 580), and has been the subject of frequent decisions of this court. Rosenblatt v. Villamena, 107 N. Y. Supp. 91; Levy v. Loew, 107 N. Y. Supp. 620; Rumpf v. Schiff, 109 N. Y. Supp. 51; R. E. Dietz Co. v. Miller, etc., 88 N. Y. Supp. 322. The plaintiff herein recovered a more favorable judgment than the sum deposited in court, and should have had, as it did, judgment for the amount proven, the sum deposited to be credited upon the execution.

Order reversed, with costs, and judgment reinstated.