MACHIMOWITZ v. FINE et al.

(Supreme Court, Appellate Term. November 30, 1909.)

1. USURY (§ 145*)—PENALTY.
   The finding on the defense of usury being for defendant, judgment should be for him, and not for plaintiff for the amount of the loan, less the usurious interest paid.

   [Ed. Note.—For other cases, see Usury, Dec. Dig. § 145.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—CORRECTION OF JUDGMENT.
   Amendment of the judgment on motion, after trial, by increasing the amount thereof, amounting to a reversal on the material issue from a find-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing for defendant to one for plaintiff, is unauthorized by the Municipal Court act (Laws 1902, p. 1486, c. 580).

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Machimowitz against Jacob Fine and another. From a judgment for plaintiff, and from an order increasing it, defendant Fine appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Isidor Cohn, for appellant.
Edward Phillips, for respondent.

PER CURIAM. The action is for $300, money loaned by plaintiff to defendant. The principal defense is usury, arising from the fact, as alleged, that defendants were required by plaintiff to pay him $3 a week interest, which amounted to 50 per cent. on the loan. The defendant Fine also claims that, upon the dissolution of the partnership of defendants, the debts were assumed by the other partner. The money was loaned on March 9, 1908, and was payable on demand, which demand was made on April 25, 1908, but no part of the principal has been paid. The trial justice apparently held that the appellant had paid $3 a week for 20 weeks and gave judgment for the plaintiff for $240, deducting the amount of usurious interest received from the whole amount claimed. He has therefore found in favor of the defendant on the defense of usury, and should have given judgment in his favor. He apparently relied for his authority on the case of National Bank of Auburn v. Lewis, 75 N. Y. 516, 31 Am. Rep. 484, but that case involved the rights of a national bank, and is therefore not applicable to the case at bar. Schlesinger v. Gilhooly, 189 N. Y. 1–21, 81 N. E. 619. After the trial, the defendant moved to vacate the judgment and for a new trial, and the plaintiff thereupon moved to amend the judgment by increasing the amount to $300. The trial justice denied the defendant's motion, and granted the plaintiff's motion. Such an amendment is not authorized by the Municipal Court act. It amounted to a reversal upon the material issue of the case from a finding in favor of the defendant to a finding in favor of the plaintiff. Insky v. Chatkoff (Sup.) 84 N. Y. Supp. 253; Public Bank v. Birnbaum (Sup.) 117 N. Y. Supp. 237.

The judgment is reversed and a new trial ordered, with costs to appellant to abide the event. All concur.