(69 Misc. Rep. 634.)

STIEGLITZ v. COHEN.

(Supreme Court, Appellate Term. November, 1910.)

1. TENDER (§§ 9, 12, 24*)—SUFFICIENCY AT COMMON LAW.
   A tender by defendant at common law must be made before suit and paid into court, and be in a sum equal to plaintiff's claim.
   [Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 13–19, 21–28, 78–91; Dec. Dig. §§ 9, 12, 24.*]

2. TENDER (§ 22*)—PLEADING—NECESSITY.
   The plea of a tender and payment into court by defendant must be set up in the answer and proved if an issue is made thereof.
   [Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 67–75; Dec. Dig. § 22.*]

3. COURTS (§ 189*)—MUNICIPAL COURT—TENDER—SUFFICIENCY.
   Municipal Court Act (Laws 1902, c. 580) § 148, permits defendant before answering to file with the court a written offer to allow judgment, and provides for judgment accordingly upon plaintiff's acceptance thereof, but that the offer cannot be given in evidence where no acceptance is filed, and further permits a defendant, instead of such written offer, to deposit the amount of his offer with the clerk of the court with like effect. *Held*, that neither under that section or otherwise could a defendant deposit money in the Municipal Court after answering.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURT—TENDER—EFFECT.
   A tender to plaintiff in the Municipal Court of a sum equaling his claim only permits a verdict for plaintiff for the amount of the tender if no other amount is in dispute.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Albert Stieglitz, as executor of the estate of Leopold Sinsheimer, deceased, against Julius M. Cohen. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

See, also, 121 N. Y. Supp. 276.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Simpson, Werner & Cardozo (Mayer J. Weinstein, of counsel), for appellant.

Davis & Dworsky (Harold P. Dworsky, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PLATZEK, J. Near the close of the trial, in open court, and in the presence of the jury, the defendant's attorney stated:

"I wish to offer in tender to plaintiff $26.68 rent for four days and $1.50 approximately for interest and $3 for the disbursements in this action, amounting to $31.18. I make that tender into court."

The plaintiff's counsel then said:

"It is too late entirely for a tender. It is a question for a jury to say.

"Defendant's counsel: I pay it into court to make out tender good.

"Plaintiff's counsel: I ask the jury to be directed not to pay any attention to this sort of thing.

"The Court: This is simply a legal question with which the jury have nothing to do."

During the charge the defendant's counsel said:

"I ask your honor to charge the jury that, if the jury find that the landlord is only entitled to $26.68 and the interest thereon, then their verdict must be for the defendant because the money has been paid into court.

"The Court: That is so."

To this plaintiff's counsel excepted.

The only question which need be considered on this appeal is the effect of this so-called tender and the charge of the learned trial justice relative thereto. The only statutory provision regarding an offer of judgment or payment of money into court, for the purpose of satisfying a plaintiff's claim and avoiding the payment of costs, is contained in section 148 of the Municipal Court Act (Laws 1902, c. 580). That section provides:

"That the defendant may, upon the return of the summons, and before answering, file with the court a written offer to allow judgment to be taken against him for a sum of money. * * * If the plaintiff thereupon * * * files with the court a written acceptance of the offer the court must render judgment accordingly. If the acceptance is not filed, the offer cannot be given in evidence upon the trial. * * * But a defendant may, instead of such written offer, deposit the amount of his offer, if a sum of money, with the clerk of the court with like effect."

As early as the case of Ellenstein v. Klee, 12 Misc. Rep. 112, 33 N. Y. Supp. 94, Mr. Justice Daly, in speaking of the practice regarding tenders in the then District Courts, said that the provisions of section 731 et seq. of the Code had no application to those courts, and the Appellate Term has frequently so held. Levy v. Loew, 107 N. Y. Supp. 620; Public Bank v. Birnbaum, 117 N. Y. Supp. 237.

Undoubtedly a defendant can avail himself of a common-law tender, which to be sufficient requires an offer before suit of a sum of money sufficient to equal the plaintiff's claim, payment of that sum into court, an answer setting up such tender and payment, and proof thereof, if issue of that fact is tendered by the plaintiff. There is no authority, to which our attention has been called, applicable to the Municipal Court permitting the deposit of money in that court after answering in the action, and the only statutory right the defendant has to deposit money in court to satisfy a plaintiff's claim is before answering and in lieu of an offer of judgment. This offer of judgment or deposit, unless accepted by the plaintiff, cannot be proven upon the trial; the reason therefor, evidently, being to keep the minds of the jury free

from any prejudice that might arise in favor of the party making the offer. Even if we assume that the defendant may tender to the plaintiff, at any time, a sum equaling his claim, such tender, it has been held, does not permit a verdict other than for the plaintiff for the amount of the tender if no other amount is in dispute. Cleveland v. Toby, 36 Misc. Rep. 320, 73 N. Y. Supp. 544. The defendant's offer, made at the time it was, and the judge's charge relative thereto, was error which calls for a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.