DOUGLAS v. REYNARD.

(Supreme Court, Appellate Term.   April 9, 1912.)

COURTS (§ 189*)—MUNICIPAL COURT—TENDER—EFFECT.

Municipal Court Act (Laws 1902, c. 580) § 148, which permits a defendant, before answering, to pay into court the amount of his offer, and provides. for judgment accordingly upon plaintiff's acceptance thereof, does not permit a tender after answer to deprive plaintiff of his right to a judgment for the full amount, with costs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Walter G. Douglas against George C. Reynard.   From a judgment for plaintiff, he appeals.   Modified and affirmed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Ferguson & Ferguson (L. C. Ferguson, of counsel), for appellant.
Mirabeau L. Towns (Joseph W. Bryant, of counsel), for respondent.

BIJUR, J.   Plaintiff sued for the value of professional services rendered as a dentist to defendant and his wife.   At the opening of the trial defendant paid into court $150; and as defendant's own expert testified that the services were reasonably worth the sum of $203, the court gave judgment to the plaintiff for $53, being the balance over and above the amount paid into court.

While section 148 of the Municipal Court Act permits payment into court before answer, it does not permit the payment after answer, as here, to deprive plaintiff of his right to a judgment for the full amount, with costs.   Wiener v. Auerbach, 98 N. Y. Supp. 686; Stieglitz v. Cohen, 69 Misc. Rep. 634, 126 N. Y. Supp. 145.

As it is evident from the remarks of the learned trial judge in granting judgment that it was his intention to give plaintiff judgment for $203 and costs, the judgment is modified, by increasing the amount of recovery to the sum of $203 and appropriate costs in the court below, the sum of $150 paid into court to be applied thereon (Rumpf v. Schiff, 109 N. Y. Supp. 51), and, as so modified, affirmed, without costs of this appeal to either party.   All concur.