NICHOLAS CALUORI, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

County Court, Schenectady County, May 8, 1936.

*Wiswall, Walton, Wood & MacAffer* [*A. Kendall Roberts* of counsel], for the appellant.

*Alexander Grasso*, for the respondent.

LIDDLE, J. Plaintiff-respondent instituted an action in the City Court of Schenectady against defendant-appellant for the recovery of $100 damages for failure to deliver telegram as set forth in the complaint.

The summons was returnable in City Court on the 2d day of April, 1935. The defendant-appellant's answer was filed with the court on April 16, 1935. On November 7, 1935, and several months after the defendant-appellant's answer had been filed with the court, the defendant-appellant tendered into the City Court the sum of one dollar and fifty cents, together with costs amounting to three dollars. This tender was rejected by the plaintiff-respondent. The trial of the action was adjourned from time to time until November 20, 1935.

Upon this appeal counsel for plaintiff-respondent and counsel for defendant-appellant are content with the judgment of thirty-eight cents. This appeal is from that part of the judgment of the City Court taxing and fixing costs in the amount of twenty dollars and fifty cents.

Plaintiff-respondent contends that the tender into court of three dollars costs, made on November 7, 1935, was insufficient under the City Court Practice Act and, therefore, ineffectual to avail the defendant-appellant of future taxable costs. Counsel for the defendant-appellant contends that the Schenectady City Court Practice Act is not applicable and that the tender of three dollars was made pursuant to section 171 of the Civil Practice Act, which permits tender to be made into court any time before trial of such a sum of money which the plaintiff conceives to be sufficient to make amends for the damages sustained, together with costs of the action to that time. Counsel for defendant further contends that the City Court Practice Act is obscure in determining the amount of costs when tender is made.

The practice to be followed is that as set forth in the Schenectady City Court Practice Act, unless that act does not apply. In such event, section 122 of the City Court Act, as amended, is applicable. However, I am of the opinion that chapter 393 of the Laws of 1927, known as the Schenectady City Court Practice Act, article 7, section 37, is entirely applicable to the practice in hand. Section 37 of this act reads in part as follows:

" Offer of judgment. At the time of answering the defendant may file with the court a written offer to allow judgment to be taken against him for a sum of money * * * with costs. * * * Instead of making a written offer a defendant may deposit the amount of his offer with the court, if it be a sum of money, with like effect."

Defendant-appellant was in error when tender was made pursuant to section 171 of the Civil Practice Act. Under section 37, above cited, time is the essential element when the tender, with costs, is to be paid into court.

The object of tender of a sum of money paid into court and the effect thereof is to prevent the plaintiff-respondent from securing costs from the time of tender and, on the other hand, enables the defendant to recover costs from the time of tender if the plaintiff recovers less than the amount tendered. Had defendant made his tender in court at the time of answering, costs for the plaintiff to that time would be that of costs upon a judgment by default. Costs at the time of filing of answer under the Practice Act were easily ascertainable. If not, defendant could immediately ask the trial court to fix and tax costs. The tender of one dollar and fifty cents was sufficient as it was more than the judgment recovered. However, the three dollars costs deposited with the court was not only insufficient, but the entire tender of amount of costs and damages was not made at the proper time and is, therefore, unavailing to the defendant-appellant. A tender to be effectual must include plaintiff's costs. Section 171 of the Civil Practice Act is not applicable. Section 37 of the Schenectady City Court Practice Act is controlling and the practice to follow, and plaintiff's costs are those of costs as of a default judgment. The trial court below was justified in taxing costs as though no tender was made. Inasmuch as the tender, with costs, was not made at the time of answering, and inasmuch as the defendant-appellant was guilty of laches in making his tender at the appropriate time, the tender, together with costs, is ineffectual and void and unavailing to defendant-appellant. *Douglas* v. *Reynard* (134 N. Y. Supp. 615) and *Stieglitz* v. *Cohen* (69 Misc. 634) are authority for the same principle.

Judgment of the court below is affirmed, with costs.

Submit order.