(25 Misc. Rep. 238.)

## KULT v. NELSON.

(Supreme Court, Special Term, New York County. November, 1898.)

1. ATTORNEY AND CLIENT—RIGHT TO DISBURSEMENTS—PROOF.
   An attorney is not entitled to collect of his client taxable costs which were for disbursements, unless he proves the actual disbursements made by him.

2. SAME—RIGHT TO TAXABLE COSTS.
   An attorney is entitled to taxable costs for his services as a matter of right.

3. SAME—COMPENSATION—EVIDENCE—SUFFICIENCY.
   The attorney of an infant plaintiff was substituted before trial for another counsel, who received $100 out of the infant's fund for his services. The attorney had the burden of preparing the case for trial, and trying it, and prepared the decision and the decree. Held, that an allowance of $150 as compensation for his services was proper.

4. SAME—DECREE—COMPLIANCE WITH CONDITIONS.

Under a decree requiring plaintiff to pay attorney's fees on return of execution unsatisfied against defendant for the taxable costs, the attorney is not entitled to exact such payment until after the execution has been issued in the county of defendant's residence, and the full time allowed the sheriff to find defendant.

Motion to modify the decree. Granted in part.

For former opinion, see 53 N. Y. Supp. 95.

DALY, J. This is a motion on behalf of the infant plaintiff against his attorney of record to modify the decree by striking therefrom this provision: "And it is further ordered, adjudged, and decreed that the city chamberlain pay to John Bogart, the attorney for the plaintiff herein, the sum of $171.74 upon proof of the return unsatisfied of execution for said costs against the defendant, Henry Nelson." The ground of the motion appears to be that the plaintiff's attorney was not entitled, as against his client, to the amount of the taxable costs as compensation for his services. These taxable costs were $171.74, of which $21.74 were for disbursements, leaving $150 for costs. The attorney making this motion for the infant conceded upon the argument that $100 would be a fair allowance, and so the amount in dispute is $50 and the amount of the disbursements, for it is contended that the attorney who has collected that sum did not expend it. The attorney's affidavit is very vague on that subject, as opposed to the positive affidavit against him, and he will have to furnish proof as to the actual disbursements made by him, for these only can be collected by him. With respect to the question of a proper compensation to the plaintiff's attorney, I certainly think that $150 is not too large for his exertions in prosecuting and protecting his client's interest in the suit. He claims the taxable costs as matter of right for his services as attorney, and he has authority for his contention. People v. Common Council of City of Buffalo, 7 Misc. Rep. 386, 28 N. Y. Supp. 158. I regard the attorney as having, in addition to a claim of legal right, made a good case upon the merits for the whole costs. He was substituted before trial for another counsel, who received $100 out of the infant's fund for his prior services; and the burden of preparing the case for trial and trying it, preparing the decision and the decree, was certainly worth more. It is urged against him, however, that he did not execute the decree according to its true intent, because he procured the execution against the defendant to be returned four days after it was issued; that he issued it to New York county, when it should have been issued to Kings, where the defendant, so far as is known, resided, and still resides. This criticism, I think, is just. The provision in the decree that the attorney might collect the costs from the city chamberlain out of the fund on proof of the return of the execution unsatisfied, required more than a mere formality in the issuing of the execution and the endeavor to collect the costs from the defendant. The writ should have been issued to Kings county, and the full time allowed the sheriff to find the defendant, if he could. My recollection is that upon the trial it appeared that the defendant resided in Kings county, and there was nothing to warrant the issuing of an execution to New York county. While the motion to strike out the portion of

the decree complained of cannot be granted, the prayer for other or further relief warrants an order that the attorney repay the whole amount collected to the trust company, not to·be withdrawn until the proper issuing and return of an execution to Kings county, or to any other county where it can now be ascertained that the defendant resides.

Ordered accordingly.