MAURICE WAGMAN, Appellant, v. HARRY BAKST, Trading as IDEAL CLOAK AND SUIT COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1917.)

Tender — when should be made — action for work, labor and services — pleading — judgments — Code Civ. Pro. §§ 731, 732, 734 — Municipal Court Code, § 15.

Though by section 15 of the Municipal Court Code sections 731, 732 and 734 of the Code of Civil Procedure are made applicable to the Municipal Court of the city of New York, they only apply to a tender made after suit brought and before trial.

Where in an action brought in the Municipal Court of the city of New York to recover for work, labor and services defendant pleads an agreement by plaintiff to perform the work and furnish the materials for a certain sum and claims in his answer that he tendered that amount to plaintiff before the commencement of the action and that before the trial he had deposited the same into court, but no attempt was made to prove the tender and it was not claimed that the deposit covered any costs, a finding by the trial court that the amount of said deposit was owing to plaintiff and that judgment should be for defendant was erroneous, and a judgment entered by inadvertence in favor of defendant for the amount of the deposit and costs will be reversed and judgment directed in favor of plaintiff for a like amount, and costs in the court below.

Misc.]    Supreme Court, Appellate Term, March, 1917.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, rendered in favor of the defendant.

Foulds & Galland (Andrew Foulds, Jr., of counsel), for appellant.

Goldstein & Goldstein (David Goldstein and E. J. Bisgyer, of counsel), for respondent.

*Per Curiam.* This action was brought to recover for work, labor and services performed and for materials furnished. Defendant set up, among other defenses, that the plaintiff had agreed to perform the work and furnish the materials for the sum of eight dollars and upon this issue the court below found in favor of the defendant. The defendant claimed in his answer that he tendered this amount to the plaintiff before the commencement of the action and that before the trial he had deposited that amount into court. The court below found, as stated in a memorandum filed by the trial justice, that " the defendant * * * actually offered and tendered to the plaintiff the sum of eight dollars before the *commencement of the action;* that the defendant in aid of his plea of tender was privileged to *make deposit* of the amount with the clerk at *anytime before trial* and the court having found as a matter of fact that the eight dollars was owing the plaintiff, judgment should be for the defendant."

As the record stands this finding was error. We know of no statutory provision regarding a tender before suit brought. Under the common law a tender made before suit was required to be kept good and followed by payment into court after suit was brought, and the party making the tender was required to show

that he had always kept the amount tendered ready to pay over when demanded, and to bring the same money into court. *Roosevelt* v. *Bulls Head Bank,* 45 Barb. 579–584. Section 81 of the Municipal Court Code has reference to a written offer of judgment to be made after suit and before answering and such offer must include costs. If, in lieu of a written offer, the defendant desires to deposit the money into court it must be the same amount as " his offer," which of course must also include costs. These costs would be, at least, the clerk's fees for filing the summons, proof of service and trial fee (Mun. Ct. Code, § 173) and the fee for service of the summons if any. Mun. Ct. Code, § 178.

When an offer of judgment is thus made or if a sum of money equal thereto is deposited, unless the plaintiff recovers a more favorable judgment, neither party can recover costs. Mun. Ct. Code, § 81; Lauer's Mun. Ct. Pr. 403.

By the provisions of section 15 of the Municipal Court Code, sections 731, 732 and 734 are applicable to the Municipal Court, but those sections only apply to a tender made after suit is brought and before trial. Such a tender can only be made when the complaint demands judgment for a sum of money only, and the action is brought to recover a sum certain or which may be reduced to a certainty by calculation or to recover for a casual or involuntary personal injury or a like injury to property. It must be made before trial and include costs of the action " to that time." § 731. Such tender to be effectual, unless accepted, must be paid into court, before trial, and a notice in writing served upon plaintiff's attorney before trial, and within ten days after the tender. § 732. If it appears upon the trial that the sum tendered was sufficient to pay the plaintiff's demand and also to pay

the costs of the action up to the time of the tender, the plaintiff cannot recover costs but must pay the defendant's costs from that time. Code Civ. Pro. § 733. Section 734 of the Code of Civil Procedure provides when the tender must be deducted from the recovery, etc. It would seem that the provisions of section 733 of the Code of Civil Procedure must be regarded as having been modified by section 81 of the Municipal Court Code so that upon a deposit of a sum equal to and in lieu of the defendant's written offer of judgment being made the costs recoverable would be governed by the latter section and not by section 733, Code of Civil Procedure. In the present case the defendant pleaded a tender made before suit, but no attempt was made to prove it and there is no claim made that the deposit of eight dollars covered any costs. By an evident inadvertence the clerk entered judgment in favor of the defendant for the sum of eight dollars and costs. The judgment should have been in favor of the plaintiff for that sum and costs, thus enabling the plaintiff to recover at least his disbursements, the amount of the payment into court to be credited upon the judgment. *Rumpf* v. *Schiff*, 109 N. Y. Supp. 51.

Judgment reversed and judgment directed in favor of the plaintiff for the sum of eight dollars and costs in the court below and without costs to either party upon this appeal.

Present: GUY, PHILBIN and MULLAN, JJ.

Judgment reversed.