SOLOMON WIGDOR, Plaintiff, v. EDWARD F. ARCHIBALD, Defendant.

(Municipal Court of the City of New York, Borough of Bronx, Second District, December, 1920.)

Costs — Municipal Court, City of New York — deposit — Laws of 1920, chap. 944, § 6.

> In a Municipal Court action brought, since the enactment of the recent housing statutes, to recover rent, costs must be based on plaintiff's recovery in so far as any increase over the amount of defendant's deposit with the clerk of the court is concerned, and not on the total amount of the recovery, which includes the deposit and any increase.

> Where in such an action to recover seventy-one dollars and seventy-five cents rent, the defendant upon filing an answer attacking the reasonableness of the rent demanded and alleging that the same was unjust and oppressive, deposited with the clerk of the court, pursuant to section 6 of chapter 944 of the Laws of 1920, the sum of fifty-two dollars and fifty cents, but judgment was rendered in favor of plaintiff for the full amount claimed, he is not entitled to costs but having been allowed an increase over the amount of defendant's deposit, he is entitled to tax disbursements.

MOTION to retax costs.

Municipal Court of New York, December, 1920.    [Vol. 113.

Bernard S. Deutsch, for motion.

William J. Cahill, opposed.

ROBITZEK, J.   This is a motion to retax costs.
Plaintiff instituted an action for rent after the enact-
ment of the recent housing laws.   He demanded
seventy-one dollars and seventy-five cents.   Defendant
interposed an answer attacking the reasonableness of
plaintiff's demand, and on the further grounds that
the same was unjust and oppressive.   At the time of
filing his answer he deposited with the clerk the sum
of fifty-two dollars and fifty cents.   After trial a judg-
ment was rendered in favor of the plaintiff for the
full amount demanded.   The clerk of the court in
good faith did not tax any costs and disbursements,
and this motion is made to review his taxation in pur-
suance to section 171 of the Municipal Court Code.

Subdivision 6 of chapter 944 of the Laws of 1920
reads as follows: " If, in any action for rent or rental
value, the issue of fairness and reasonableness of the
amount demanded in the complaint be raised by the
defendant, he must at the time of answering deposit
with the clerk such sum as equals the amount paid
as rent during the preceding month or such as is re-
served as the monthly rent in the agreement under
which he obtained possession of the premises.   If the
defendant fail to make such deposit, the court shall
strike out the denial or defense raising such issue.
Such deposit shall be applied to the satisfaction of the
judgment rendered, or otherwise disposed of as jus-
tice requires," etc.

Under this law it is *mandatory* on the part of the
defendant to make his deposit.   It must be noted that
no provision is made for costs to accompany the de-
posit, and this notwithstanding how large or small the

deposit must be. Such a deposit, therefore, must be distinguished from a tender, for the tender is always *voluntary* and, to be effective, costs and disbursements to date must accompany the same. See *Wagman* v. *Bakst,* 99 Misc. Rep. 276. On the other hand the deposit in these rent cases is in pursuance to a direction of the law.

In enacting chapter 944 of the Laws of 1920 it was the clear intention of the legislature to afford a defendant every opportunity to defend in good faith any unreasonable demand on the part of a plaintiff. It is but fair to hold that when a plaintiff recovers an amount *which is over and above the deposit* he is the prevailing party in the action to that extent only. It would be unfair to a defendant to hold otherwise; for, if a plaintiff sued for sixty dollars, and the defendant deposited forty-eight dollars and the court allowed an increase of two dollars, if the plaintiff's theory were correct that costs follow the *total* amount of the judgment, the defendant would be obliged to pay ten dollars costs and three dollars disbursements. This, in my opinion, would work a hardship and would defeat the object of the law.

In passing upon the construction of the law we must not fail to recognize the fact that it was emergency legislation and we must apply it as such. On the other hand, if it were the intention of the legislature to allow costs in this kind of case, it would have plainly stated so. Take a case where a tenant was paying fifty dollars rent and after trial the court disallowed any increase, the plaintiff, if his theory were again correct, would be entitled to the deposit, plus ten dollars costs and three dollars disbursements; this because at the time of depositing his fifty dollars he complied with the law in all respects and in doing so he omitted to include seven dollars, the additional

Municipal Court of New York, December, 1920.    [Vol. 113.

costs and disbursements to date. See *Wagman v. Bakst, supra.* The effect of the deposit standing alone would be then of no avail. I am satisfied the deposit must have some effect. The statute provides some punishment for the failure to make the deposit; therefore if the statute be complied with and the deposit made, it cannot be said that no advantage should be derived thereby. To allow costs based on the total amount of the judgment would be reading something into the law, which would be rather detrimental, particularly in view of the emergency, which now confronts us.

The fundamental and underlying idea of costs is to reimburse a party, to some extent at least, for the expenses he is compelled to assume, because of the failure, neglect or refusal of his adversary to deal with him justly, and in every case he is entitled, when successful, as a matter of right, to be reimbursed to the extent which the statute permits.

I am constrained to hold that in these rent cases costs must be based on plaintiff's recovery *in so far as any increase over the amount of the deposit is concerned,* and not on the total amount, which includes the deposit and any increase.

It has been called to my attention that to deny costs on the total amount of the judgment would open the door for many cases to be defended in bad faith. If any action is instituted or defended in bad faith it is within the discretion of the court to impose discretionary costs up to ten dollars, and I am perfectly satisfied that the court will always exercise its prerogative in a proper case.

If any increase be allowed, and the same falls within any of the sums enumerated in section 164 of the Municipal Court Code, he is entitled to statutory costs as therein provided; otherwise not. If no increase be

allowed, the defendant is then the prevailing party, and section 164 of the Municipal Court Code applies as to the difference in the amount deposited and that demanded.

In the case at bar the increase was eighteen dollars and seventy-five cents; plaintiff is therefore not entitled to costs. However, having been allowed an increase, this entitles him to his disbursements incurred. The motion is granted with respect to directing the clerk to tax disbursements, and in all other respects denied.

Ordered accordingly.