David Stadtmauer, J.
Defendant seeks costs and disbursements against pro se plaintiff in the sum of1 $384.
Plaintiff’s motion is treated as a motion to review the Clerk’s taxation of costs and disbursements pursuant to section 1909 of the CCA.
This case was tried before a jury but the complaint was dismissed at the close of the plaintiff’s case. Defendant’s counterclaim was discontinued during the trial. Both the complaint and the counterclaim demanded $10,000.
'Section 1902 of the CCA provides: “ Upon issue joined and ■after trial, unless the court determines that to so allow costs would not be equitable under all of the circumstances, the pre *724 vailing party shall be allowed costs as follows, if he has appeared by attorney. * * * (e) If one or more counterclaims have been interposed, and both plaintiff’s complaint and the counterclaims are dismissed, each party shall be credited with the costs applicable to his adversary’s pleading; the credit of each shall then be set off against the other and the difference awarded as costs to the party in favor of whom the difference exists. Neither party in such case shall be entitled to disbursements.”
Subdivision (g) of section 1903 of the COA provides: “ Where the defendant discontinues his counterclaim during trial, plaintiff shall be entitled to costs in the amount prescribed in said sections.”
■Section 1901 of the CCA provides for the amount of costs to be allowed.
Neither under section 1901 nor under section 1903 is the award of costs predicated upon the appearance of a litigant by attorney.
The phrase in subdivision (g) of section 1903 “ plaintiff shall be entitled to costs in the amount prescribed in said sections ” does not necessarily refer to section 1908 (which allows costs only if the litigant has appeared by attorney), but more logically refers to the provisions of section 1901 which refers to the amount of costs. Therefore, since the provisions relating to costs in section 1903 were not made contingent upon representation by counsel, there would appear to be no reason why a pro se litigant cannot be awarded costs in a situation falling within the provisions of section 1903 in an amount provided for in section 1901. A contrary interpretation results in an inequitable situation insofar as pro se litigants are concerned, as will be seen from the following explanation:
Ordinarily if both sides appear by attorney, the Clerk computes costs by first, determining as a provisional credit, the amount of costs each side Would ordinarily be entitled to (see commentary of Professor Siegel in McKinney’s Cons. Laws of N. Y., Book 89A, OCA, §, 1902); second, setting off each claim against the .other thereby determining which is the 1 ‘ prevailing party” and third, entering judgment in favor of such ‘1 prevailing party” (see Kohlberg v. Halloran, 133 Misc. 304). In our case, if both sides had been represented by counsel, there Would have been no “ prevailing party ” because the costs of each would have been identical and they would have canceled each other out. However, since plaintiff had no attorney he was not credited with costs. The defendant, however, was so credited and became the “ prevailing party ” for the sole reason that he appeared by attorney. ;
*725 The inequity would be even more apparent if, for example, the pro se plaintiff had sued for $100 and the represented defendant counterclaimed for $10,000. Then, if the complaint were dismissed and the counterclaim discontinued, the pro se plaintiff who was in $10,000 peril would have been entitled to no costs becau'se he had no attorney and the represented defendant, who was in only $100 peril could have collected costs plus disbursements which could have amounted to hundreds of dollars.
I do not believe that the Legislature intended such a result and therefore it .saw fit to add section 1903 entitled ‘ ‘ additional provisions ”. Among those provisions is subdivision (g) of section 1903 allowing costs to the plaintiff where a counterclaim is discontinued during trial. None of these “ additional provisions ” were made contingent up'on representation by counsel and the court should not construe them otherwise.
Finally, the argument is often made that the very purpose of costs is reimbursement for counsel fees. However, research fails to reveal any authority for this theory. Some of the early cases held that costs belonged to and were even payable to the attorney for the prevailing party (Kult v. Nelson, 25 Misc. 238). However, the general rule now is that costs belong to the litigant (3 N. Y. Jur., Attorney and Client, § 88; Starin v. Mayor etc. of City of New York, 106 N. Y. 82).
The underlying idea of costs is to reimburse a party, at least to some extent, for the expenses he is compelled to assume because of the failure, neglect or refusal of his adversary to deal with him justly (24 Carmody-Wait 2d, New York Practice, § 148:2; Stevens v. Central Nat. Bank, 168 N. Y. 560; Wigdor v. Archibald, 113 Misc. 643). Nowhere however, are co'sts referred to as reimbursement for attorney’s fees. To the contrary, the weight of authority is that costs are distinct from attorney’s fees (24 Carmody-Wait 2d, New York Practice, §§ 148:3 and 148:87; also, see, Klein v. Sharp, 41 A D 2d 926).
Since the authorities seem to agree that costs are not reimbursement for counsel fees, why should costs be allowed only to a party who is represented by counsel? The answer seems to be that section 1902 of the OCA says so. However, section 1903 of the CCA does not, and there is no reason why a prevailing pro se litigant should not be allowed costs under the provision of that section.
As a result, this court is of the opinion that the more equitable method of determining costs would be as follows:
First the clerk should determine, as a provisional credit, the amount of costs each side would ordinarily be entitled to *726 irrespective of whether he is represented by counsel-, ¡second, he should set off each claim against the other thereby determining which is the ‘1 prevailing party ’ ’; third, if the case falls within the purview of section 1902 and the “ prevailing party ” appears pro se, the clerk should enter judgment in his favor for disbursements pursuant to section 1908 of the GOA; if the case fall's within the purview of section 1903 and the “ prevailing party ’ ’ appears pro se, the clerks should enter judgment in his favor for costs and disbursements.
Motion granted and all costs are disallowed. Disbursements are likewise disallowed since they are contingent upon the granting of cost's (OCA, § 1908; Clowes v. Watt, 147 Misc. 722).